## STATE OF TEXAS v. BENJAMIN DeSILVA.

### No. 2348.  Decided March 27, 1912.

**1.—Intoxicating Liquors—Forfeiture of License—Procedure.**

An affidavit presented to the county judge showing that a certain person having a license to sell intoxicating liquors at a certain place in the county, sold the same at a time forbidden by law, is sufficient basis for the issuing of notice to such dealer and calling into action the power vested in the county judge by sec. 8, ch. 17, Acts, 1st Called Session, 31st Leg., Laws 1909, pp. 296-7, to cancel the license of such dealer. In such proceeding the certainty required in an indictment was not necessary. (Pp. 99, 100.)

**2.—Same—Certiorari—Jurisdiction of District Court—Constitution.**

The officer or tribunal to whom the District Court is authorized to issue certiorari to suspend and review his proceedings, by art. 5, sec. 8 of the Constitution, must be an inferior exercising judicial function, and the proceedings sought to be reviewed must be judicial proceedings. (P. 100.)

**3.—Same.**

The right to sell intoxicants is not a property right, but a privilege granted by the State, which may be revoked, and the State has the power to provide the manner of its revocation. (P. 100.)

**4.—Same—Ministerial Proceeding.**

A proceeding by the county judge to cancel the license of a liquor dealer for selling in violation of law (Act of April 17, 1909, Laws, 31st Leg., 1st Called Session, pp. 296-7), was administrative or ministerial, not judicial. The District Court had no power to grant certiorari to suspend or review his proceedings by virtue of the authority given in art. 5, sec. 8, of the Constitution. Its attempt so to do did not vacate the order of the county judge forfeiting the liquor dealer's license, nor present any reason for the refusal of another court having jurisdiction (Act of April 6, 1907, Laws 30th Leg., p. 166), to grant injunction against the dealer as the creator of a public nuisance in continuing his business after such forfeiture of his license. (P. 100.)

Questions certified from the Court of Civil Appeals, First District, in an appeal from Jefferson County.

*Jewell P. Lightfoot,* Attorney-General, and *C. E. Mead,* Assistant, for appellant.—A liquor dealer's license is not property, and does not involve the rights of property, life or liberty, and the same may be forfeited by any agency delegated by the State in the manner designated by law and without resorting to the technical rules of practice and procedure ordinarily governing either in civil or criminal cases.

Sec. 8, chap. 17, Acts First Called Session, Thirty-First Legislature; Hernandez v. State, 135 S. W., 170; Higgins v. Talty, 57 S. W., 720; State v. Seebold, 91 S. W., 491; Sarlo v. Pulaski Co., 88 S. W., 935; Belt v. Paul, 91 S. W., 301; Railway Co. v. Shannon, 100 Texas, 389; Lane v. Shultz, recently decided by Court of Civil Appeals, Fourth District; Baldacchi v. Goodlet, recently decided by Court of Civil Appeals for First District. On sufficiency of affidavit: Chery v. Commonwealth, 78 Va., 375; People v. Houghton, 41 (58) Hun, 558; Burn's Appeal, 76 Conn., 395; Clayton v. Hurt, 88 Texas, 595; Ex parte Beverly, 34 Texas App., 644; Ex parte Branch, 37 Texas App., 318; Ex parte Japan, 36 Texas App., 482; Ex parte Hendrix, 142 S. W., 570.

A county judge in proceeding under the above provision of the statute in revoking a liquor license is not acting as a court, but is acting as county judge, in a ministerial capacity. District Courts of this State are not clothed with authority, through certiorari proceedings, to review the actions of executive and administrative officers and have no right to interfere with the acts of such officials, except in the manner and under the circumstances provided by law. Const., art. 5, sec. 8; Ex parte Towles, 48 Texas, 413; Railway Co. v. Dowe, 70 Texas, 1; Clayton v. Hurt, 88 Texas, 595; O'Dougherty v. Archer, 9 Texas, 295; Jones v. Stallworth, 55 Texas, 138; Railway Co. v. Ice Co., 37 Texas Civ. App., 334; Raines v. Reasoner, 46 Texas Civ. App., 290; New York Chemical Co. v. Spell Bros., 120 S. W., 579; 6 Cyc., 750, 753, 759, 761; Robinson & Watson v. Wingate, 36 Texas Civ. App., 65; Berger v. De Loach, 121 S. W., 591; Childers v. State, 30 Texas Civ. App., 196. On stay of proceedings by certiorari: Neuman v. State, 76 Wis., 112; In re Washburn, 66 N. Y. Supp., 732; In re Auerbach, 64 N. Y. Supp., 603; Railway Co. v. Ice Co., 37 Texas Civ. App., 334.

*Alfred Du Perier* and *C. E. Easterling,* for appellees.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Honorable Court of Civil Appeals of the First District has certified to this court the following statement and questions:

"This is an appeal, now pending in this court, from an order of the judge of the 60th Judicial District Court of Texas, at Beaumont, refusing to grant a temporary injunction on application of the State of Texas by and through the county attorney.

"There arises on the appeal a question material to its determination which is both novel and of general importance and which has never been decided in this State, and upon which we are unable to arrive at any satisfactory conclusion. Inasmuch as the question is one which we are sure will have to be passed upon by the Supreme Court in this case, and which it is highly important should be finally settled by your honorable court, we deem it the most satisfactory and expeditious way to have such decision to certify the question direct, and for that purpose the following statement of the case is made.

"On September 22, 1911, W. J. Giles, a property taxpaying citizen of Jefferson County, presented to Hon. R. W. Wilson, county judge of said county, an affidavit which is here set out in full.

" 'State of Texas,
    County of Jefferson.

" 'W. J. Giles, having been first duly sworn, deposes and says: He is a property taxpaying citizen of Jefferson County, State of Texas, and here make affidavit that Benj. De Silva, who has a retail liquor dealer's license to pursue the occupation of a retail liquor dealer in Jefferson County, Texas, and who had such license on the 10th day of September, A. D. 1911, did on the 10th day of September, A. D. 1911, violate a provision of chapter 17 of the Acts of the Thirty-First Legislature, to wit, section 14 of said Act, in this, to wit: He, the said Benj. De Silva, did then and there unlawfully sell and barter one pint of whisky, the same then and there being an intoxicating liquor, to Stephen Gorlaske, between the hours of twelve o'clock midnight, Saturday, the 9th day of September, A. D. 1911, and five o'clock a. m., Monday, the 11th day of September, A. D. 1911.

W. J. Giles.

Sworn to and subscribed before me, this 22d day of September, A. D. 1911.

(Seal)
                Guy Robertson,
                Notary Public,
                Jefferson County, Texas.'

"Upon this affidavit the county judge issued and had served upon the said Benj. De Silva a notice, as required by the statute, notifying him that the matter would be heard by him on September 29, 1911. On said date the honorable county judge made the following order:

" 'Ex parte                   In the County Court,
Ben De Silva.            Jefferson County, Texas.

" 'On this, the 29th day of September, 1911, came on to be heard by the county judge of Jefferson County, Texas, the affidavit and application heretofore filed in this case by W. J. Giles, to forfeit the liquor license granted to Ben De Silva on July 11, 1911, permitting him to pursue the business of a retail liquor dealer at 301 Austin Street in the city of Port Arthur, Jefferson County, Texas; and the said county judge at the hearing of said affidavit and the proof offered for and against the same, finds and determines that the said Ben DeSilva has violated the provisions and conditions of his liquor dealer's bond, and of chapter 17 of the Acts of the Thirty-First Legislature, in that the said Ben De Silva did, in his said place of business, after midnight on Saturday the 9th day of September, and between that hour and five o'clock a. m. on the following Monday, to wit, the 11th day of September, 1911, knowingly sell and permit to be sold to Stephen Gorlaske intoxicating spirituous liquor, and did then and there, between the hours aforesaid, open and keep open, and permit to be open and kept open his said place of business for the purpose of traffic.

" 'It is therefore ordered and declared that the said license of the

said Ben De Silva-be and the same is hereby declared to be forfeited and canceled from and after this date.

                    R. W. Wilson,
                          County Judge,
                              Jefferson County, Texas.'

"A motion for rehearing was made by De Silva, which was over-ruled.    Thereafter, on October 12, 1911, the said De Silva presented to Hon. W. H. Pope, judge of the 58th Judicial District, in open court a petition, which was sworn to, setting out the proceedings aforesaid, and also a transcript of the evidence upon which the honorable county judge had made his order forfeiting the license of Benj. De Silva as retail liquor dealer, and praying 'for a writ of certiorari commanding the proper officer of Jefferson County to cite the Honorable R. W. Wilson to make out a certified transcript of the proceedings had in said cause No. 2533, Ex parte State of Texas v. Benj. De Silva, in the matter of the forfeiture of his license as a retail liquor dealer; to suspend the judgment rendered in said proceedings and to transmit the same to the court on or before the return day of next term thereof; that defendant be cited to answer this petition, that said cause be tried *de novo,* that your petitioner have judgment setting aside the order of the county judge, etc.'

"Upon the filing of this petition the honorable judge of the 58th District set down the petition for rehearing on October 14. The county judge appearing by the county attorney, answered denying the right of said judge to issue the writ prayed for.    Upon the hearing the honorable district judge entered an order, asserting his jurisdiction in the premises, granting the writ of certiorari as prayed for, ordering the writ to issue returnable on or before the first day of the next succeeding term of his court.    It was further ordered that upon the execution of a bond in the sum of $1,000 a writ of certiorari issue to the county judge commanding him to suspend and vacate the judgment and order made by him forfeiting De Silva's license, the bond aforesaid to operate as a supersedeas of said judgment.

"On October 27, 1911, the State of Texas, acting by and through the county attorney of Jefferson County, presented to the Honorable L. B. Hightower, judge of the 60th Judicial District (also at Beaumont) a petition sworn to by said county attorney, setting out in the petition and exhibits attached thereto the proceedings heretofore set out, and further alleging that the said Benj. De Silva continues to keep open his saloon and place of business for the sale of intoxicating liquors in disregard of said order of the county judge, and was engaged in carrying on his said business as a retail liquor dealer without having procured a license therefor, and without having first procured a license and paid taxes required by law, and without having his said forfeited license reinstated or the order of the county judge set aside or vacated by a court of competent jurisdiction, thereby becoming the creator and promoter of a public nuisance.    It was alleged that the order of Honorable W. H. Pope was void, and that he had no jurisdiction to issue the writ of certiorari.

"Upon these allegations a temporary writ of injunction was prayed

for to restrain the said De Silva from pursuing and engaging in the said business of a retail liquor dealer, with prayer that on final hearing the injunction be perpetuated. Upon the presentation of this petition to the Honorable L. B. Hightower, he endorsed therein his refusal to grant the temporary writ upon the ground that comity towards a court and judge of coordinate jurisdiction with his court rendered it indelicate and improper for him to do so as it would require him to set aside the orders made by Judge Pope and bring the two courts in direct conflict. The purpose of such refusal, as stated, is to pass the matter up to this court on appeal. The order is quite lengthy, but we do not deem it necessary to set it out in full.

"We have endeavored to make this statement as brief as possible for a full understanding of the questions certified. The entire record will be sent up with this certificate, to which we beg to refer for a complete statement of the whole case, in case we have, in the desire for brevity, unintentionally omitted any material fact.

"The injunction was applied for under the provisions of subdivision 1 of section 1 of chapter 81, Acts of the Thirtieth Legislature (Acts 1907, Regular Session, page 166). The proceedings before the county judge were had under the provisions of section 8, chapter 17, Acts First Called Session, of the Thirty-First Legislature (Acts 1909, pages 296-7). The jurisdiction of the district judge to grant the writ of certiorari is based upon the authority conferred upon district judges by the provisions of section 8, article 5 of the Constitution.

"We have no difficulty in arriving at the conclusion that if the affidavit of Giles is sufficient to call into action the power and authority of the county judge to forfeit De Silva's license as a retail liquor dealer, and if the honorable district judge of the 58th District is without power to interfere, by the writ of certiorari, with the operation of the order of the county judge, the facts stated in the petition for injunction were sufficient to authorize and make it the duty of the honorable judge of the 60th Judicial District to grant the temporary writ of injunction under the provisions of the statute referred to. But upon these two points we are in doubt, and therefore certify to your honorable court the following questions:

"First. Is the affidavit of W. J. Giles, above set out, sufficient to call into action the power and authority vested in the county judge by section 8 of the Acts of 1909, referred to, or are the proceedings and order of the county judge void for want of jurisdiction?

"Second. Did the honorable judge of the 58th Judicial District have the right, under the provisions of section 8, article 5 of the Constitution, to issue the writ of certiorari and thereby remove the proceedings into that court for review; or to interfere in any way, by means of the writ of certiorari, with the due execution of the order of the county judge?"

To the first question we answer: The affidavit was sufficient as a basis for the issuing of notice. It recited that the party had a license to sell intoxicating liquors at a certain place and that he did sell at a time forbidden by law. This was not a proceeding in which the certainty of an indictment was required. A fair construction of the language of the affidavit disclosed to the county judge the facts upon

which he was to issue his notice. The defect of the affidavit, if it was defective, could not confer jurisdiction upon the district judge to issue the certiorari, the proceeding not being judicial in character.

Section 8 of article 5 of our Constitution confers upon the District Courts authority to issue writs of certiorari, which invests that court with power to use the writ for any purpose to which it could be applied, which is tersely stated thus:

"Certiorari is a writ issued by a superior court to an inferior court of record, requiring the latter to send into the former some proceedings therein pending, or the records or proceedings in some cause already terminated in cases where the procedure is not according to the course of the common law."

"In such case, however, the officer or tribunal to whom the writ is issued must be an inferior officer or tribunal exercising judicial functions, and the proceedings sought to be reviewed must be judicial proceedings, for it is not the office of a common law writ of certiorari to review ministerial acts, but only to correct errors of law, apparent on admitted or established facts, never to settle disputed points." (4 Ency. Pl. & Pr., pp. 8 and 11.)

The answer to the second question depends upon the character of the act of removal. Was it judicial? The fact that the person who performed the act of removal was a county judge does not make the act judicial in character. That depends upon the matter in controversy, and the remedy applied. It would be a useless consumption of time to adduce authorities or arguments to the effect that a license to sell intoxicants is not a property right, but is a privilege granted by the State, which may be revoked.

The State had the power to prescribe the manner of enforcing the law by revoking a license granted, which action was not judicial, but administrative or ministerial. In the matter of Saline County, etc., 45 Mo., 52.

In Baldacchi v. Goodlet (not yet reported) Chief Justice Pleasants of the Court of Civil Appeals of the First District, discusses principles of law which apply to this case and demonstrate the correctness of the proposition that the proceeding to revoke the license was not judicial.

The Honorable W. H. Pope, judge of the 58th Judicial District, had no power to issue the writ of certiorari and his action was void, constituting no obstacle to or reason against issuing the injunction.