STATE v. DE SILVA. (Court of Civil Appeals of Texas. Galveston. May 10, 1912. Rehearing Denied June 6, 1912.) Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge. Action by the State against Benjamin De Silva. There was an order re-

fusing an injunction, and the State appealed, and the Court of Civil Appeals certified questions to the Supreme Court. Reversed and remanded, with instructions, on the opinion of the Supreme Court. 145 S. W. 330. Marvin Scurlock, of Beaumont, Guy Robertson, of Port Arthur, and Blain & Howth, of Beaumont, for the State. Alfred Du Perier, of Beaumont, for appellee.

REESE, J. The only two questions involved in this appeal were certified to the Supreme Court, and the answers of that court are before us. A full statement of the case accompanied the questions certified, and may be found in the opinion of the Supreme Court. State of Texas v. Benamin De Silva, 145 S. W. 330. It is not necessary to repeat it here. The questions so certified were: "First. Is the affidavit of W. J. Giles, above set out, sufficient to call into action the power and authority vested in the county judge by section 8 of the act of 1909, referred to, or are the proceedings and order of the county judge void for want of jurisdiction? Second. Did the honorable judge of the Fifty-Eighth judicial district have the right, under the provisions of section 8, art. 5, of the Constitution, to issue the writ of certiorari, and thereby remove the proceedings into that court for review, or to interfere in any way, by means of the writ of certiorari, with the due execution of the order of the county judge?" As to the first question, it was held by the Supreme Court, briefly stated, that the affidavit filed with the county judge in instituting the proceedings to forfeit the retail liquor dealer's license of appellee, De Silva, was sufficient under the statute. As to the second question, it was held that Hon. W. H. Pope, district judge, had no authority to interfere, by the use of the writ of certio-rari, with the proceedings before the county judge. These answers settle the only questions involved in this appeal adversely to appellee. The attempted removal of the proceedings before the county judge in the matter of the forfeiture of the license of appellee into the district court by certiorari was unauthorized, null, and void, and could not be urged as a defense to the application for injunction by the county attorney on the part of the state. The order of Hon. L. B. Hightower, district judge, refusing to grant the injunction prayed for, is therefore reversed and set aside, and the cause is remanded, with instruction to grant such temporary injunction, and otherwise proceed in the matter without regard to such certiorari proceedings. Reversed and remanded, with instructions.

STEVENSON et al. v. SMITH et al. (Kansas City Court of Appeals. Missouri. June 3, 1912.) Appeal from Circuit Court, Linn County; Fred Lamb, Judge. Action by Katie Stevenson and others against Charles Smith and others. From the judgment, all parties appeal. Cause certified to Supreme Court. Bresnehen & West, of Brookfield, for plaintiffs. A. W. Mullins, of Linneus, for defendants.

PER CURIAM. Under the provisions of section 3937, Rev. Stat. 1909, as amended in 1911 (see Laws 1911, p. 190), the jurisdiction of this cause is in the Supreme Court. We refer to our opinion in Rourke v. Railway Co., 148 S. W. 161, decided at this term, for our interpretation of this statute, which compels us to hold that we have no jurisdiction over the present appeal. Accordingly we certify the cause to the Supreme Court.