### LANE, Comptroller, v. HEWGLEY.

(Court of Civil Appeals of Texas. San Antonio. March 12, 1913.)

1. CONSTITUTIONAL LAW (§ 277*)—DUE PROCESS OF LAW—LIQUOR LICENSES—NATURE—"PROPERTY RIGHT."

While, as against the state, a licensee has no "property right" in a retail liquor license, he has such a right therein as against every one else within the constitutional guaranty against the deprivation of property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 762, 766, 949; Dec. Dig. § 277.*

For other definitions, see Words and Phrases, vol. 6, p. 5729; vol. 8, p. 7770.]

2. INTOXICATING LIQUORS (§ 108*)—LICENSES—REVOCATION—REVIEW—"CIVIL CASE."

An action under Rev. Civ. St. 1911, art. 7443, providing that any person aggrieved by the action of the Comptroller in vacating a retail liquor license may bring suit in the district court against the Comptroller to reinstate such license, is a "civil case" within Const. art. 5, § 6, conferring on Courts of Civil Appeals appellate jurisdiction in all civil cases of which the district or county courts have original or appellate jurisdiction, a civil case being a proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or for the redress or prevention of a private wrong, and hence the Comptroller could appeal from a judgment reinstating such a license (citing 2 Words & Phrases, 1182).

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*

For other definitions, see Words and Phrases, vol. 2, pp. 1183–1193; vol. 8, p. 7603.]

3. APPEAL AND ERROR (§ 374*)—BONDS—EXEMPTIONS—STATE OFFICERS.

Under Rev. Civ. St. 1911, art. 2105, providing that the head of any department of the state prosecuting or defending any action in his official capacity shall not be required to give bond on any appeal or writ of error taken by him in any civil case, the Comptroller of Public Accounts was not required to file a bond or affidavit in lieu thereof on an appeal by him from a judgment reinstating a retail liquor license canceled by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2005–2010; Dec. Dig. § 374.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by M. M. Hewgley against W. P. Lane, Comptroller. From a judgment in favor of plaintiff, defendant appeals. On motion to dismiss appeal. Overruled.

TALIAFERRO, J. This case is now before us upon motion of the appellee to dismiss the appeal. It appears that on July 9, 1912, appellee was granted a license as a retail liquor dealer in Bexar county. On September 14, 1912, W. P. Lane, as Comptroller of Public Accounts of the state of Texas, by virtue of powers which he claimed to possess by virtue of Act 31st Leg. c. 17, §§ 9a–9i (R. S. 1911, arts. 7436 to 7444), upon evidence in his possession that appellee had violated the law with reference to the conduct of his business under said license, proceeded to vacate and withdraw the license of appellee, and to forfeit all the rights and privileges held by him by virtue thereof. On September 24, 1912, appellee, under the right conferred upon him by section 9a of the said act (R. S. 1911, art. 7443), filed a suit in the district court of Bexar county against W. P. Lane, as such Comptroller, praying "that the said

liquor license be reinstated and that the action of the defendant Lane, in vacating, canceling and forfeiting the same, as well as the rights of appellee thereunder, be vacated, set aside and held for naught, and that appellee be restored to his rights under said license and permitted to pursue his occupation of selling liquor." The case, being tried before a jury, was submitted on special issues and resulted in a verdict and judgment for appellee. Lane, Comptroller, appealed, and appellee urges that the appeal be dismissed for want of jurisdiction in this court, upon three grounds: First, "because the right to entertain this suit was conferred upon the district court as a special proceeding, and no appeal was provided by law in such special proceeding, and as the suit was not a case or suit within the meaning of the general law, no right of appeal upon the part of appellant exists;" second, "because this suit was not a 'civil suit' within the meaning of the Constitution and the laws of the state, so as to confer upon this court jurisdiction of an appeal from the district court;" third, "because appellant has neither given an appeal bond nor filed an affidavit in lieu thereof."

[1, 2] It can be admitted that this proceeding was one specially provided by the Legislature, and that no accompanying provision was made for appeal from the judgment that might be rendered in such case by the district court. And it may be also admitted that, unless the procedure comes within the general law conferring the same, this court has no jurisdiction of an appeal from the judgment of said court. But we think it does come clearly within the provisions of the general law. Appellee contends that in Hernandez v. State, 135 S. W. 171, this court held that a liquor license is not a property right, and that therefore the order appealed from in that case was not a "civil case" such as would furnish the basis for the court's jurisdiction of an appeal therefrom. This court did hold in the Hernandez Case and also in the case of Lane v. Schultz & Buss, 146 S. W. 1012, that as between the state and the liquor dealer the license holder has no property right. But neither of those cases is in the least analogous to the present one. To make the difference plain and for the sake of brevity, we will digress slightly to outline the law as it exists with reference to the respective powers of the Comptroller of Public Accounts of the state and the various county judges with reference to cancellation and revocation of retail liquor licenses. Articles 7436 to 7442, R. S. 1911 (sections 9a to 9g, c. 17, Acts of 1909), in brief, vest in the comptroller the power to institute investigation, and to take evidence by deposition, with reference to any violation of the said act by any holder of a retail liquor license, and, upon obtaining evidence sufficient to satisfy him that the law is being violated, to revoke and cancel the license and deprive the holder of all rights thereunder. The same law invests the county judge with the power, upon information, to summon witnesses, and make inquiry into the conduct of any license holder charged with a violation of the law. If, in the opinion of the county judge, the evidence is sufficient to justify the act, the liquor dealer's license may be by the said judge revoked and canceled. The case of Hernandez v. State, supra, was an appeal from such an order entered by a county judge, and the court held: "It is in view of the principle enunciated and illustrated by these authorities we hold that the order appealed from was not made in a civil case in which the county court had jurisdiction, and that hence we have no authority to review the proceedings. Besides, we are of the opinion that the proceedings in which the order was made were not judicial but administrative in their nature; the intention of the Legislature being to vest, by the section of the act quoted, the administration of the law regarding the forfeiture of a liquor dealer's license in the county judge himself rather than in the county court, and that as such authority was specially conferred on him, without giving any court authority to review his action in the matter, it would be a gross usurpation of authority for this court to undertake to call in question, by entertaining this appeal, any step taken by him in the proceedings culminating in the order from which Mr. Hernandez has attempted to appeal. People ex rel. Lodes v. Department of Health, 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894." In the case of Lane v. Schultz & Buss, supra, an effort was made to enjoin the State Comptroller and county judge from proceeding under the above act. This court held that such an injunction would not lie, and that the liquor dealer's only remedy was under section 9h of the Acts of 1909 above cited, which section will be found quoted below. State v. De Silva (Sup.) 145 S. W. 330, and Baldacchi v. Goodlet, 145 S. W. 325, will be found holding to the same effect.

Section 9h of the Act of 1909, supra, authorizes a review of the action of the Comptroller under that statute in the following words: "Any person feeling himself aggrieved by the action of the Comptroller in vacating, annulling and rescinding such license under this law, may bring suit in the district court of the county of his residence in Texas against the Comptroller to reinstate such license, but the business conducted under such license shall be suspended during the pendency of such suit, and shall not be reopened, unless the order of the Comptroller shall be set aside by final judgment of the proper court; but, if such order shall be by a final judgment set aside, then such licensee shall have the right to pursue such occupation under such license without paying any

additional tax for a period to be added to the time of the license equal to the time his right to do business was suspended." It will be seen that in the present case appellee availed himself of this right, filed his suit, and upon trial before a jury was awarded a verdict and judgment abrogating the action of the Comptroller and restoring him to his privileges under the license. From that judgment the Comptroller has appealed, and this court has jurisdiction of the appeal unless the appellee is right in his contention · that this suit was not a "civil action." Appellee seems to base his contention that this is not a civil suit within the meaning of the Constitution and laws of the state upon the proposition that the courts have held that the holder of a liquor license has in it no property right that comes within the constitutional guaranty that "no person shall be deprived of life, liberty or property without due process of law." The courts have not so held. It has been said that "as between the state and the licensee no such right does. exist." Lane v. Schultz & Buss, supra. But it does not follow that as to all the balance of the world the licensee has not a property right in the license. In fact, it has been held that a retail liquor license is a subject of trade in this state, and it may be sold or mortgaged.

In the Hernandez Case, supra, and in many other cases decided in this state it has been held that a liquor license is merely the state's permission for a citizen to lawfully engage in a business which, otherwise, it would be unlawful for him to pursue. This license or permission the citizen can hold and exercise against all the world but the state which conferred it. Such a right can hardly be said to be without value as a property interest. Nor can it be doubted that the Legislature, in conferring upon the licensee the right to file such a suit, had in mind the fact that the proceeding to cancel such license is ex parte, summary, and carried with it the forfeiture of the money paid to the state for the license. It was never the intention of any court to hold that such a license vested no property right which could under any circumstances make it a subject of litigation. Nor is it without the protection of the constitutional provision quoted above. On the contrary, the very law under which appellee brought this action against the officer of the state had the·' effect of extending him that protection. His complaint was that Comptroller Lane had, without due process of law, confiscated his license and taken away his right to pursue lawfully his business. If as between him and the state appellee had no property right in the liquor license, article 7443, supra, must have been enacted for the sole purpose of enabling dealers whose liquor licenses should be forfeited to raise and have adjudicated the question as to whether the Comptroller had forfeited the same by due process of law; in other words, to test the legality of the act which withdraws from them the permission granted by the state. It was the evident purpose of the Legislature by this act to confer upon the district courts and· appellate courts jurisdiction to adjudicate cases involving the forfeiture of liquor licenses as civil proceedings.

A civil action has been defined to be "A. proceeding in a court of justice by one party against another for the enforcement or protection of a private right or for the redress or prevention of a private wrong." 2 Words & Phrases, 1182; 7 Cyc. p. 151, and cases, cited. In the present case the statute gave the appellee the right to file this suit in the district court to have adjudicated the legality of the Comptroller's act in canceling his license and depriving him of his right to engage in the liquor business. The jurisdiction of the Court of Civil Appeals extends to all civil cases of which the district or county courts have original or appellate jurisdiction. Const. art. 5, § 6. This was a civil case, and the Legislature conferred the original jurisdiction upon the district court, and therefore the appellate jurisdiction of this court attaches upon appeal from a judgment of the district court. The following cases, cited by appellee in his motion, are not analogous. Ex parte Cosner, 4 Tex. App. 89; Baker v. Chisholm, 3 Tex. 157; Field v. Anderson, 1 Tex. 437; Robinson v. Wingate, 36 Tex. Civ. App. 65, 80 S. W. 1067; Odell v. Wharton, 87 Tex. 173, 27 S. W. 123.

[3] The appellant W. P. Lane, Comptroller of Public Accounts of the state of Texas, was not· required under the law to file an appeal bond nor affidavit in lieu thereof to perfect the appeal in this case. The act of W. P. Lane of which appellee complained in his suit was performed in his official capacity of Comptroller of Public Accounts of the state; the appeal is taken ,by appellant in the same capacity, and the case clearly comes within the terms of the law exempting the state and the head of any department in the state government from giving bonds in appeal. R. S. 1911, art. 2105.

The motion to dismiss the appeal is overruled.