**TEXAS LIQUOR CONTROL BOARD et al.**
**v. WARFIELD.**

No. 2065.

Court of Civil Appeals of Texas. Waco.

Dec. 2, 1937.

Wm. McCraw, Atty. Gen., and Leon O. Moses and Victor Bouldin, Assts. Atty. Gen., for appellants.

Darden, Burleson & Wilson, of Waco, for appellee.

GEORGE, Justice.

This is an appeal from a judgment of·the district court entered on September 4, 1937, nunc pro tunc, as of August 25, 1937, vacating, setting aside, and holding for naught the order of the administrator of the Texas Liquor Control Board, dated May 3, 1937, canceling the package store permit issued to appellee, A. E. Warfield.

Appellee has filed a motion seeking dismissal of the appeal on the following grounds: (1) That the Texas Liquor Control Act does not provide for an appeal on behalf of Texas Liquor Control Board on any ruling or decision by a district court adverse to the Texas Liquor Control Board, and that this cause is not embraced within the constitutional or statutory provision providing for the jurisdiction of Courts of Civil Appeals; (2) that the controversy between the parties is moot, for the reason that the permit involved in this appeal became effective September 1, 1936, and expired on August 31, 1937.

Texas Liquor Control Board, on or about September 1, 1936, issued to appellee a package store permit authorizing him to sell intoxicating liquors for the period commencing September 1, 1936, and ending August 31, 1937. On May 3, 1937, the administrator of the Texas Liquor Control Board, after notice and hearing, entered an order canceling such permit on the sole ground that an employee of appellee had, on March 14, 1937, in appellee's absence and without his knowledge and against his instructions, sold and delivered one-half pint of whisky on Sunday, not upon a prescription issued by a duly licensed physician, to an employee of the Texas Liquor Control Board. On May 5, 1937, appellee filed suit No. 19885 in the Fifty-Fourth judicial district court against Texas Liquor Control Board, seeking injunction and judgment setting aside ruling of the administrator. The case was tried before the court on an agreed statement of facts without a jury on August 25, 1937, and the court, on that date, entered an order making permanent the temporary injunction theretofore issued, and on September 4, 1937, at the same term of court, entered judgment nunc pro tunc, making the temporary injunction theretofore issued permanent, and, in addition thereto, specifically vacating and setting aside the order of the administrator of May 3, 1937. Texas Liquor Control Board appealed from that order, and the motion here under consideration is to dismiss that appeal.

On August 29, 1937, appellee made application to the Texas Liquor Control Board for a package store permit to sell intoxicating liquors for the period commencing September 1, 1937, and on September 2, 1937, the administrator, upon hearing, refused such application, after finding that the administrator had, on May 3, 1937, canceled the permit issued to appellee commencing September 1, 1936, for the reason that an employee of appellee, on March 14, 1937, had sold and delivered one-half pint of whisky under the circumstances hereinabove set out. Appellee, on September 27, 1937, filed suit No. 20086 against Texas Liquor Control Board in the Fifty-Fourth judicial district court to set aside the order of said board and its administrator and to require said board and administrator to issue to appellee a package store permit. The trial court, on said date, after hearing, entered its judgment vacating the order of the administrator and decreeing that a peremptory writ of mandamus issue, directing and commanding Texas Liquor Control Board and its administrator to issue to appellee a package store permit upon the payment of certain fees and charges. Appellant has perfected its appeal to this court from said judgment, and that appeal is now pending before this court also.

The pertinent provision of the Texas Liquor Control Act, effective as of November 15, 1935 (Acts 1935, 2d Called Sess. c. 467; art. 1, § 14), is as follows: "Sec. 14. And in the event of any person being aggrieved by any decision, rule, or order of the Board, such person shall have the right of an appeal therefrom to the District Court of the County in which a decision, rule, or order in such case would become effective, said suit to be against the Board alone as defendant, and such suit shall be tried de novo, and be governed by the same rule as other suits in

said court." And the pertinent provision of section 14, as amended by the 45th Legislature, § 15, effective September 1, 1937 (Vernon's Ann.P.C. art. 666—14), is as follows: "[Sec. 14.] Unless specifically denied herein an appeal from any order of the Board or Administrator refusing, cancelling, or suspending a permit or license may be taken to the District Court of the County in which the aggrieved licensee or permittee * * * may reside. * * * The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.: * * * d. The order, decision or ruling of the Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, but the final judgment of the District Court shall not be modified or suspended pending appeal."

■ Texas Liquor Control Board and its administrator are empowered and authorized by arts. 666—12, 666—12a, Vernon's Annotated Penal Code, to cancel package store permits theretofore granted upon the happening of certain specified events, after notice and hearing, and such action is not judicial but is merely the performance of an administrative function. Bradley v. Texas Liquor Control Board (Tex.Civ.App.) 108 S.W.2d 300; State v. De Silva, 105 Tex. 95, 145 S.W. 330; Baldacchi v. Goodlet (Tex.Civ.App.) 145 S.W. 325.

■ Yet the jurisdiction of the courts over the power and authority of the board and its administrator to cancel package store permits is to determine whether they acted within the scope of their delegated authority, based their order or ruling upon substantial evidence, and did not act unreasonably or arbitrarily in making their order, and the exercise of this power is judicial in its nature. Bradley v. Texas Liquor Control Board (Tex.Civ.App.) 108 S.W.2d 300; Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Brown v. Humble Oil & Ref. Co., 126 Tex. 296,

83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393; Modeste v. Public Utilities Commission, 97 Conn. 453, 117 A. 494; State v. Great Northern Ry. Co., 130 Minn. 57, 153 N.W. 247, Ann.Cas.1917B, 1201.

■ And this court can only review the order or final ruling of such board or its administrator, based upon the evidence adduced at a judicial hearing as to the facts existent at the time of such ruling by such administrator. Railroad Commission v. Magnolia Petroleum Co. (Tex.Sup.) 109 S.W.2d 967 (not yet reported [in State report]).

■ In the instant case, the act gave appellee the right to appeal from the administrator's ruling to the district court, and there have determined, by the same rules as in other suits (ordinary civil suits) in said court, the legality of the administrator's act in canceling his permit, and when the trial court had entered its judgment and appellant had taken all the steps required to perfect an appeal from a judgment of the district court, the appellate jurisdiction of this court attached. Lane v. Hewgley (Tex.Civ.App.) 155 S.W. 348.

■ This case is not moot for the following reasons: (1) The order of the administrator canceling the package store permit is subject to review by the courts; and (2) the actual controversy between the parties has not ceased to exist, for if it should be finally determined that the judgment of the trial court setting aside and holding for naught such order of the administrator in this cause should be affirmed, then such judgment would be res judicata of all issues of law and fact in the case of Texas Liquor Control Board v. A. E. Warfield, No. 20,086 on the docket of the trial court. Brown v. Humble Oil & Ref. Co., 126 Tex. 296, 83 S.W.2d 935, 87 S.W. 2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393; McCall v. Lewis (Tex.Civ.App.) 263 S.W. 325; City of Dallas v. Rutledge (Tex.Civ. App.) 258 S.W. 534.

Appellee's motion to dismiss appeal is in all things overruled.