## TEXAS LIQUOR CONTROL BOARD et al. v. WARFIELD.

### No. 2069.

Court of Civil Appeals of Texas. Waco.

Dec. 2, 1937.

Wm. McCraw, Atty. Gen., and Leon O. Moses and Victor W. Bouldin, Asst. Attys. Gen., for appellants.

Darden, Burleson & Wilson, of Waco, for appellee.

GEORGE, Justice.

This is an appeal by appellant, Texas Liquor Control Board, from a judgment of the district court of the Fifty-Fourth judicial district, rendered on September 27, 1937, setting aside and holding for naught an order of the administrator of Texas Liquor Control Board, entered on September 2, 1937, denying appellee, A. E. Warfield, a package store permit for the period commencing September 1, 1937, and further decreeing the issuance of a peremptory writ of mandamus, directing the Texas Liquor Control Board to issue to appellee a package store permit authorizing the sale of liquor upon the payment by appellee of certain charges.

Appellee has filed a motion asking dismissal of the appeal on the following grounds: (1) That the amendatory act, effective September 1, 1937, is invalid because it embraces two or more subjects in its title, to wit, liquor control and civil remedies and proceedings; (2) that the title or caption of the act is not sufficient to give notice that a right to appeal is embraced in the body of the act; and (3) that the act is an amendment of the liquor law, effective November 15, 1935, and embraces new matter in the amendment which is not germane or pertinent to that contained in the provision amended.

Section 35, article 3, of the Constitution, reads in part as follows: "No bill * * * shall contain more than one subject, which shall be expressed in its title." The pertinent provision of the Texas Liquor Control Act, effective as of November 15, 1935, Acts 1935, 2d Called Sess., c. 467, art. 1, is as follows: "Sec. 14. And in the event of any person being aggrieved by any decision, rule, or order of the Board, such person shall have the right of an appeal therefrom to the District Court of the County in which a decision, rule, or order in such case would become effective, said suit to be against the Board alone as defendant, and such suit shall be tried de novo, and be governed by the same rules as other suits in said Court"; and the pertinent provision of section 14, as amended by the 45th Legislature, H.B. No. 5, 1937, § 15 effective September 1, 1937, Vernon's Ann.P. C. art. 666—14 is as follows: "Sec. 14. Unless specifically denied herein an appeal from any order of the Board or Administrator refusing, cancelling, or suspending a permit or license may be taken to the District Court of the County in which the aggrieved licensee or permittee * * may reside. * * * The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.: * * * d. The order, decision or ruling of the Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, but the final judgment of the District Court shall not be modified or suspended pending appeal." The caption of House Bill No. 5, effective September 1, 1937, and herein referred to as amendatory act, reads as follows:

"Liquor Control
"H.B. No. 5

"An Act defining the term 'open saloon' and prohibiting the operation thereof and providing penalties for violations; further regulating the traffic in alcoholic beverages in this State and prescribing penalties for violations thereof; providing for the Liquor Control Board; vesting the Texas Liquor Control Board and its representatives with additional powers to administer the provisions of the Texas Liquor Control Act; providing for appointment of the Administrator and his salary and duties to be under the direction of the Board; providing for certain issues to be submitted at local option elections; making provision for the contest of local option elections; revising and extending the system of permits and licenses required of persons engaged in various phases of the liquor traffic and the issuance of same; requiring bonds to be filed in support of permits and prescribing certain liabilities and penalties thereon; levying, altering, and clarifying fees and taxes heretofore levied, and levied by the provisions of this Act and providing for their collection and allocating such fees and taxes collected; authorizing the issuance of search warrants and otherwise strengthening and extending the powers and duties of peace officers and of agents and representatives of the Board; providing for methods and procedure in appealing from decisions of the Board; defining additional terms used in the Texas Liquor Control Act and in this Act; making appropriations; repealing certain laws and parts of laws, including Sections 17, 17a, 20, 22, 23a, and

43 of Article 1 of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature and by repealing Section 50 of the Texas Liquor Control Act as enacted by House Bill No. 432, Acts of the Regular Session of the Forty-fifth Legislature; amending Sections 3, 3-a, 4, 4(a), 4(b), 5, 6, 10, 11, 12, 13, 14, 15, 15a, 16, 19, 21a, 23, 25, 26, 27, 28, 30, 31, 40; 41, 42, 44, 45, 46, 47 and 48 of Article I of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, and Section 21 of Article I, Chapter 467, Acts, Second Called Session, Forty-fourth Legislature as amended by Section 3 of Article III, House Bill No. 8, Acts, Third Called Session, Forty-fourth Legislature; amending Article 1 of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature by adding thereto new sections to be known as sections 7(a), 7(b), 7(c), 12(a), 15(a), 15(b), 15(c), 15(d), 15(e), 17, 17(a), 20, 21(b), 21(c), 23(a), 25(a), and 41(a); repealing Sections 1 to 23, both inclusive, of Article II of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature; adding thereto new sections to be known as Sections 1 to 29, both inclusive; fixing the effective date of this Act and declaring an emergency."

■ The amendatory act, in our opinion, expresses a single subject, and all of its provisions are fairly and legitimately within the general object mentioned in the title; that is, they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title, and, for such reasons, the two subject inhibition of section 35, article 3, of the State Constitution, is observed. The right of appeal is incidental and auxiliary in carrying out the main object of the act, and is not within itself a distinctive object of legislation. State v. Parker, 61 Tex. 265; McMeans v. Finley, 88 Tex. 515, 32 S.W. 524; Stone v. Brown, 54 Tex. 330, 342; Texas & P. Ry. Co. v. Stoker, 102 Tex. 60, 113 S.W. 3; Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915; Austin v. Gulf, C. & S. F. Ry. Co., 45 Tex. 234, 267.

■ It is a general rule that liberal construction will be indulged so as to aid conformance of a title to constitutional requirements; that is, if in the caption a purpose be but generally stated, that gives sufficient notice that all related and incidental matters may have attention in the body of the act, statement of the ultimate object will include warning of presence of details appropriate to achievement of the purpose. Doeppenschmidt v. International & G. N. Ry. Co., 100 Tex. 532, 534, 101 S.W. 1080; Johnson v. Martin, 75 Tex. 33, 12 S.W. 321. Our courts hold that section 35 of article 3 of the Constitution of Texas should be liberally construed. Breen v. Texas & P. Ry. Co., 44 Tex. 302, 306; Giddings v. San Antonio, 47 Tex. 548, 556, 20 Am.Rep. 321; Board of Insurance Commissioners v. Sproles Freight Lines, Tex.Civ.App., 94 S.W.2d 769. And our courts further hold that statutes attempting to bestow the right of appeal are to be liberally construed in favor thereof. Hamill v. Samuels, 104 Tex. 46, 133 S.W. 419; Hamilton Motor Co. v. Muckleroy, Tex.Civ.App., 46 S.W.2d 451. We have this day determined in the case of Texas Liquor Control Board v. A. E. Warfield, Tex.Civ.App., 110 S.W.2d 646, that the right of appeal existed under both the act effective November 15, 1935, and the amendatory act effective September 1, 1937. The language of the caption of the amendatory act is within itself sufficient to give notice of the fact that the right to an appeal is provided for in the body of the act if given a fair and reasonable construction. Consolidated Underwriters v. Kirby Lumber Co., Tex.Com.App., 267 S.W. 703; Mercer v. State, 111 Tex.Cr.R. 657, 13 S.W.2d 689; Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818; Booth v. Board of Education, Tex.Civ. App., 70 S.W.2d 350; Missouri, K. & T. Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S.W. 881; Board of School Trustees v. Bullock Common School District, Tex.Com. App., 55 S.W.2d 538; Howard v. State, 77 Tex.Cr.R. 185, 178 S.W. 506; English & Scottish-American Investment Co. v. Hardy, 93 Tex. 289, 55 S.W. 169; State v. McCracken, 42 Tex. 383, 384.

The matter of appeal is expressed in the title of the amendatory act and the provisions of the amendatory act, in so far as they relate to an appeal, are germane and pertinent to the provisions of section 14 of the original Texas Liquor Control Act effective November 15, 1935.

The motion of appellee to dismiss appeal is overruled.