## TEXAS LIQUOR CONTROL BOARD v. BLACHER.

### No. 3660.

Court of Civil Appeals. of Texas. El Paso.

April 7, 1938.

Lloyd Davidson Jr., Victor W. Bouldin, and Vernon Coe, Asst. Attys. Gen., and Wm. McCraw, Atty. Gen., for appellant.

R. W. Hamilton, of Midland, for appellee.

NEALON, Chief Justice.

This is an appeal by the Texas Liquor Control Board, defendant, from a judgment of the district court of Midland county setting aside an order of the administrator of the Texas Liquor Control Board canceling the medicinal drugstore liquor permit issued to Eddie Blacher, plaintiff. From the findings of fact made by the court it appears that on September 8, 1936, appellee obtained a medicinal drugstore permit under the provisions of the Texas Liquor Control Act, acts 1935, 2d called Sess., c. 467, Vernon's Tex.Pen.Code 1936,

art. 666—1 et seq., for the sale of liquor for medicinal purposes on the premises located at 108 South Main street in the city of Midland; that the permit· was issued for the period commencing September 8, 1936, and ending August 31, 1937; that on February 28, 1937, Blacher sold and delivered to W. C. Allen one pint of whisky without first having procured a prescription therefor in the legitimate practice of medicine by a physician licensed to practice medicine in this state who was not addicted to the use of any narcotic drug; after due notice and hearing before the administrator of the Texas Liquor Control Board an order was entered by the administrator canceling the permit; that from this order Blacher appealed; that Blacher was a man "more or less uninformed and ignorant of the Texas Control Act; that he had not been previously apprised of the consequences of a violation of the act; that theretofore he had been a law-abiding citizen of Midland County; that if given an opportunity to obey the act after being fully informed of its provisions he would abide by and obey all provisions of the act." The court, believing that it would be harsh and unjust to cancel the permit under the circumstances and thereby entail the legal consequences attached to cancellation, and believing that it was within the equity power of the court to do so, entered judgment setting aside and holding for naught the order of the Texas Liquor Control Board canceling Blacher's permit. This is the judgment appealed from.

## Opinion.

■ Since one effect of the cancellation of the permit, if sustained, is to disqualify the permittee from selling intoxicating liquor under a medicinal permit for a period of two years from February 28, 1937, the issues raised by the appeal are not moot, though the permit expired August 31, 1937. Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S.W.2d 646.

■■ At the time the judgment herein was rendered by the district court none of the appellate courts of the state had interpreted the act and declared the limit of a district court's jurisdiction over an appeal from an order of the Texas Liquor Control Board. In July, 1937, the Austin Court of Civil Appeals, in Bradley v.

Texas Liquor Control Board, 108 S.W.2d 300, passed upon the questions herein involved in a well-considered and comprehensive analysis of the act, in which it re-·stated the principle declared by the Supreme Court in State v. DeSilva, 105 Tex. 95, 145 S.W. 330, to the effect that a license to sell intoxicants is not a property right, but is a privilege granted by the state which may be revoked, and that the action of the agency authorized to revoke a license is administrative or ministerial and not judicial. This last holding is in harmony with the recent case of Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505, in which it was held that the right to a permit to operate a bus or truck line was a mere privilege or license, and that the order of the commission denying a permit when based upon any substantial evidence would be upheld. The Austin court held expressly that the unlawful act of a licensee's agent in selling liquor without a physician's prescription authorized a cancellation of a certificate, and that the only jurisdiction that a court had over the administrative board's power to cancel a liquor permit was to determine whether the board acted within the scope of its delegated authority, based its order or conclusion upon substantial evidence, and did not act arbitrarily or capriciously in making the order. The holding of the Austin court in Bradley v. Texas Liquor Control Board, supra, was followed by the Waco Court of Civil Appeals in Texas Liquor Control Board v. Warfield, supra, involving·the cancellation of a package store permit. The Texarkana Court of Civil Appeals, in Texas Liquor Control Board v. Jones, 112 S.W.2d 227, in harmony with the principles enunciated in the other cases herein cited, reversed a district court judgment enjoining the board and its, representatives from interfering with a litigant whose license had been canceled, and sustained the administrator.

It is unnecessary to restate the reasoning of the various courts by which they justified their conclusions. It is sufficient to say that we think their interpretation of the act and their declaration of the law are correct and should guide us in the determination of this appeal.

■ The district court having found that the permittee· violated the Liquor Control Act, and that the proceedings before the board were regular, it was with-

out authority to set aside the order of cancellation.

The judgment of the trial court is, therefore, reversed, and the injunction issued by it is dissolved, and judgment is here rendered sustaining the order of the administrator made and entered April 9; 1937, canceling the medicinal drugstore permit or license No. 3613 theretofore issued to Eddie Blacher under the trade name of Palace Drug Store.

Reversed and rendered.