**TEXAS LIQUOR CONTROL BOARD v. TSCHOERNER.**

No. 8742.

Court of Civil Appeals of Texas. Austin.

April 27, 1938.

Wm. McCraw, Atty. Gen., and Victor W. Bouldin and Joe Sharp, Assts. Atty. Gen., for appellant.

BAUGH, Justice.

The appellee, G. G. Tschoerner, at the time hereinafter stated, was the holder of a wine and beer retail permit issued to him by the Texas Liquor Control Board to sell at retail wine and beer on his premises one mile south of Jarrell, in Williamson County, Texas. Upon complaints filed against him, after due notice given as required by law, a hearing was had before the administrator of the Texas Liquor Control Board, at Austin, Texas, on the 15th of November, 1937. From the evidence adduced at that hearing, the administrator of the Liquor Control Board officially found that the appellee, on or about the 31st of October, 1937, "did maintain a noisy, lewd, and disorderly establishment." He also further found that on or about said date, "the said G. G. Tschoerner did then and there knowingly and wilfully sell beer, as that term is defined by the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—1 et seq., to Johnny Stonajik, a person under the age of 21 years." Based upon these findings and the evidence adduced at said hearing, Tschoerner's permit was ordered cancelled.

Tschoerner thereupon filed suit in the District Court of Williamson County to enjoin the Liquor Control Board and its agents and employees from interfering with his continued operation of his place of business under the permit theretofore issued to him. A temporary injunction was granted by the trial court; and after hearing upon the merits said injunction was made permanent. From this judgment of the trial court, the Liquor Control Board prosecutes this appeal. The appellee has filed no brief herein.

It is unnecessary to set out here the provisions of the Texas Liquor Control Act governing the issues here presented. The provisions of this act are sufficiently set out, and the issues here presented have heretofore been adjudicated in the cases of Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300, and Texas Liquor Control Board v. Jones, Tex.Civ. App., 112 S.W.2d 227. Suffice it to say that the fact findings made by the administrator above quoted constitute a violation of the Liquor Control Act and grounds for forfeiture by the Board of appellee's permit.

While evidence was introduced upon the trial hereof tending to disprove or contradict these findings of the administrator, it is now settled, as held in the above cited cases, that the extent of the

122

court's inquiry is whether there was substantial evidence before the Liquor Control Board to sustain its findings and order in the premises. The fact that upon the trial evidence was introduced to contradict the testimony adduced before the Liquor Control Board is not sufficient to set aside the order of that Board. Two inspectors, who visited appellee's premises on the day in question, testified positively and unequivocally as to the conditions they found, and that they saw the appellee sell to the minor a bottle of beer in violation of the Liquor Control Act. That being true there was manifestly substantial evidence before the Liquor Control Board to sustain its order. Under the cases above cited, wherein this question is fully discussed, and to which we refer, this is the extent of the court's inquiry.

It follows, therefore, that the judgment of the trial court herein must be reversed, the injunction appealed from is dissolved, and the order of the Board dated November 15, 1937, cancelling appellee's wine and beer retail permit, No. 9162, is in all things sustained.

Reversed and rendered.