## TEXAS LIQUOR CONTROL BOARD v. MARINE EXCHANGE SOCIAL CLUB.

### No. 8806.

Court of Civil Appeals of Texas. Austın.
April 12, 1939.

Gerald C. Mann, Atty. Gen., and George W. Barcus and Victor W. Bouldin, Asst. Attys. Gen., for appellant.

Thornton & Markwell, of Galveston, for appellee.

BLAIR, Justice.

This proceeding arose as an appeal under the provisions of Art. 1, Sec. 12a, Subsection 5, of the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—12a(5), from the order of the administrator of the Liquor Control Board cancelling the beer retailers on-premises license of appellee, a corporation. The administrator cancelled the license after due notice and hearing, upon the ground that appellee and its agents had in their possession on the premises whiskey in violation of the provisions of the Texas Liquor Control Act. Vernon's Ann.P.C. art. 666—1 et seq. On the hearing in the district court, appellee introduced in evidence the following documents:

(a) Notice of Hearing before the Administrator of the Texas Liquor Control Board, together with the officer's return showing service on plaintiff.

(b) The Administrator's Order of Cancellation of plaintiff's permit.

(c) Plaintiff's Notice of Appeal from the Administrator's Order of Cancellation.

(d) Copy of Plaintiff's letter to the Administrator accompanying its Notice of Appeal.

(e) Interlocutory Order in Cause No. 52,398, in the 10th District Court of Galveston County, Texas, styled Marine Exchange Social Club, et al. vs. O. W. Houchens et al.

Appellee offered no oral testimony and made no effort to offer a transcript of the evidence introduced at the hearing before the administrator, but took the position that the burden was upon the administrator or Liquor Control Board to introduce said transcript of evidence into the record and to show that the order of cancellation was based upon substantial evidence. It seems that the trial court agreed with this contention; and upon attention being called to the fact that either the Assistant Attorney General, or Agent, representing the Liquor Control Board, or administrator, had in their possession in the court room a transcript of the evidence or proceeding before the administrator, requested the attorney and agent of the Control Board or administrator present to present same in the court. This was refused, upon the

ground that the burden of proof was upon the contestant to show that the action of the Board was illegal, and that the Attorney General and agent of the Liquor Control Board or administrator did not wish to assume the burden of proof at that time. Upon the refusal to assume the burden of proof, or to introduce the record of the proceedings before the administrator for cancellation of the permit, the trial court entered a judgment setting aside and holding that the order of cancellation "was not based upon proper and lawfully obtained substantial evidence, and that the action of the Texas Liquor Control Board was unreasonable and arbitrary."

The agreed statement of facts does not show that the Assistant Attorney General and agent of the Texas Liquor Control Board present in the court refused to produce the transcript of evidence for use by appellee, nor that the Liquor Control Board or administrator refused a certified copy of such record; but refused to introduce the transcript for the purpose of showing the order was valid, contending that the burden of proof was upon the appellee to show that the prima facie valid order of the Control Board cancelling the permit and introduced in evidence by appellee was invalid.

The law is settled in this state that on a statutory appeal from an order of the Texas Liquor Control Board or its administrator cancelling a beer license or permit because of some violation of the Liquor Control Act, the burden of proof is upon the party attacking it to show that the order is invalid. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S.W.2d 646; Id., Tex. Civ.App., 111 S.W.2d 862; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030; Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121. Such orders are not only made prima facie valid by statute, but being official acts there is a presumption in favor of their legality; and the one attacking them upon the ground that there was not sufficient evidence before the Board or administrator to authorize the cancellation of the license must show that fact on an appeal from the order cancelling such license. Texas Liq-

uor Control Board v. Floyd, supra; Humble Oil & Refining Co. v. Railroad Comm., Tex.Civ.App., 112 S.W.2d 222.

Since the trial court held that the burden of proof was upon the Liquor Control Board or its agents to produce the testimony before the Board or administrator, and since the record in this case does not show what the purported record in the possession of the Assistant Attorney General or agent of the Board was, or that same was certified to in accordance with the provisions of Art. 1, Sec. 12a, Subsection 5 of the Texas Liquor Control Act, the cause must be reversed and remanded in order that appellee may have the opportunity of securing such certified records of the proceedings had before the Liquor Control Board or its administrator in the cancellation of its license. We do not regard the record as showing that the Assistant Attorney General or the agent of the Liquor Control Board suppressed any evidence as contended for in appellee's brief, or that the rule that where one suppresses evidence it will be presumed that the evidence suppressed was against him, is in any way applicable in this case. The record shows that the Assistant Attorney General and the agent were simply insisting that the appellee proceed to discharge the burden of proof placed upon it, and to show that the order cancelling its permit was invalid. Just what was meant by the recitation in the judgment that the order cancelling the license was not based upon "lawfully obtained substantial evidence" is not clear from the record nor the statement of facts. If such claim, as suggested in appellee's brief, is predicated upon any claim that the agents of the Texas Liquor Control Board or administrator obtained such evidence without a search warrant or an arrest warrant, there is no merit to the contention. The Texas Liquor Control Act is intended as an exercise of the police powers of the State to protect the health, welfare, peace and temperance of its people; and all of its provisions are to be construed liberally to effectuate such purposes. It specifically provides that the right to a permit to operate a beer retail business is simply a license or privilege; and expressly provides that anyone accepting such a license or permit shall do so with express agreement and consent on the part of permittee or licensee that the Board or its agents shall at all times have the right and privilege of freely entering upon the licensed premises for

the purpose of supervising and inspecting said premises, and for the purpose of performing any duties imposed upon them by the act. And the act further expressly provides that no warrant is necessary for the arrest of any persons or for the seizure of the liquor unlawfully in the possession of any permittee or licensee where same is found in their possession.

The judgment of the trial court is reversed and cause remanded.

Reversed and remanded.