**ISBELL, Secretary of State, v. BROWN.**

No. 11628.

Court of Civil Appeals of Texas.
San Antonio.

July 3, 1946.

Rehearing Denied July 31, 1946.

See also 195 S.W.2d 939.

Grover Sellers, Wm. J. R. King, and Geo. W. Barcus, all of Austin, for appellant.

G. Woodson Morris, of San Antonio, for appellee

NORVELL, Justice.

This appeal involves the question of burden of proof upon an appeal to the district court from an order revoking a real estate dealer's license. Real Estate Dealers License Act, Acts 1939, 46th Leg., p. 560, Article 6573a, Vernon's Ann.Civ. Stats.

E. E. Brown filed suit in one of the district courts of Bexar County, where he resided, alleging that he was the holder of a real estate dealer's license for the year 1945, and that said license was revoked by the administrator without just cause by an order dated November 9, 1945. He prayed that the revocation order be set aside.

The Secretary of State filed an answer and prayed "judgment of the court upholding and sustaining the validity of his order duly made and entered on the 9th day of November, 1945, revoking and cancelling plaintiff's real estate dealer's license for the year 1945."

It was therefore established by the pleadings that Brown had been issued a real estate dealer's license for the year 1945, and that said license had been revoked by the administrator on November 9, 1945.

The case was called for trial and a jury impaneled. It is recited in the judgment that "the plaintiff moved the Court that the defendant proceed with the presentation of his case and the adduction of his evidence, but the Court instructed the plaintiff to proceed and thereupon plaintiff introduced in evidence the file mark showing the date of the filing of the original Petition herein in the 37th District Court of Bexar County, Texas, on November 16, 1945, the date of the citation served upon the defendant herein in his official capacity as Secretary of State, of the State of Texas, the file mark showing the date of the filing of defendant's original Answer herein on the 27th day of November, 1945, and thereupon moved the Court that the defendant be required to proceed with the presentation of his case and the adduction of his testimony, and defendant then announced to the Court that he did not have anything to offer at this time, and thereupon the plaintiff moved the Court

for an instructed verdict herein in his favor wherein in his motion therefor he set out the grounds and reasons as to why he was entitled thereto, and the Court, having heard said motion and argument of counsel thereon, was of the opinion that same should be in all things granted, and accordingly granted same, * * *."

Judgment was rendered setting aside and annulling the administrator's order of November 9, 1945, which revoked Brown's real estate dealer's license.

In Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585, the Supreme Court held that the real estate business in Texas was one affected by the public interest and subject to regulation under the police power of the State. In the exercise of this power, the Legislature adopted a licensing plan under which a State administrative agency was authorized to permit individuals, firms and corporations to engage in the real estate business as defined in the Act upon their complying with certain requirements. The Act also prohibits any person, firm or corporation from engaging in the real estate business (as defined in the Act) unless a State license has been obtained.

The administrator is empowered and authorized to revoke a license under certain prescribed conditions. Art. 6573a, § 11. The rendition of an order revoking a license is clearly an official act.

We are of the opinion that by reason of the close analogy between an appeal from a ruling of the Texas Liquor Control Board under the Texas Liquor Control Act, Article 666—1 et seq., Vernon's Ann. Pen.Code, and an appeal from the ruling of the administrator under the Real Estate Dealers License Act, the decisions under the Liquor Control Act determine the disposition of this appeal.

A permit under the Liquor Control Act is defined as a purely personal privilege (Art. 666—13, Vernon's Ann.Pen.Code) and consequently is very similar to a license. The law provides for the revocation of a permit by the administrative agency. Likewise, the statute provides for an appeal from the administrator's ruling to the district court and that "The proceeding on appeal * * * shall be de novo under the same rules as ordinary civil suits," with four exceptions which are not material to the inquiry before us. Article 666—14, Vernon's Ann.Pen.Code.

The Real Estate Dealers License Act provides that "The case (upon appeal from the Administrator's ruling) shall be tried in the District Court de novo, upon its merits." Art. 6573a, § 15(a), Vernon's Ann.Civ.Stats.

In Texas Liquor Control Board v. Marine Exchange Social Club, 127 S.W.2d 967, 968, the Austin Court of Civil Appeals said: "The law is settled in this state that on a statutory appeal from an order of the Texas Liquor Control Board or its administrator cancelling a beer license or permit because of some violation of the Liquor Control Act, the burden of proof is upon the party attacking it to show that the order is invalid. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S.W.2d 646; Id., Tex.Civ.App., 111 S.W.2d 862; Texas Liquor Control Board v. Floyd, Tex.Civ. App., 117 S.W.2d 530; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030; Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121. Such orders are not only made prima facie valid by statute, but being official acts there is a presumption in favor of their legality; and the one attacking them upon the ground that there was not sufficient evidence before the Board or administrator to authorize the cancellation of the license must show that fact on an appeal from the order cancelling such license. Texas Liquor Control Board v. Floyd, supra; Humble Oil & Refining Co. v. Railroad Comm., Tex.Civ.App., 112 S.W.2d 222."

The considerations giving rise to and supporting the rule stated are fully discussed and explained by the authorities cited in the quotation above set out. See also Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Trapp v. Shell Oil Company, Tex.Civ.App., 189 S.W.2d 26.

We hold that the rule stated is applicable to this case, and that the burden of proof rested upon Brown to show that the order of which he complains is invalid.

Having failed to meet this burden the judgment appealed from will be reversed and judgment here rendered that appellee take nothing.

We do not regard this case as being moot. Under the provisions of Article 6573a, § 15, the decision of this case would have some effect upon appellee's subsequent application for a license (within a period of one year after judgment, at least) and as appellee evidently desired to engage in the real estate business, something more than a mere abstract question of law is presented. Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030.

Reversed and rendered.