## Missouri, Kansas & Texas Railway Company of Texas v. State of Texas.

### No. 1885. Decided December 9, 1908.

**Railways—Constitutional Law—Title of Act—Full Train Crews.**

The statute making it unlawful for railway companies to run trains without full crews under the title of "An Act to protect the lives and property of the traveling public and the employees of the railroads in the State of Texas" (Act of March 25, 1907, Laws 30th Leg. p. 92) covers a subject not expressed in such title, which is so general as to give no intimation of the particular subject of the Act, and is therefore invalid under article 3, section 35, of the Constitution. (Pp. 155–157.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State sued the railway company for penalties and recovered

judgment.    Defendant appealed, and on affirmance obtained writ of
error.

*Coke, Miller & Coke, A. H. McKnight,* and *Fiset & McClendon,* for
plaintiff in error.—The Court of Civil Appeals erred in holding
that the subject of the Act of the Thirtieth Legislature of the State
of Texas, entitled "An Act to Protect the Lives and Property of
the Traveling Public and the Employes of the Railroads in the State
of Texas," here in controversy, is expressed in the title thereof,
as required by section 35, article 3, of the Constitution of Texas.
Constitution of Texas, art. 3, sec. 35; Gunter v. Land Co., 82
Texas, 496; The Day Land & Cattle Co. v. State, 68 Texas, 542;
Adams v. Waterworks, 86 Texas, 485; Stone v. Brown, 54 Texas,
342; Doeppenschmidt v. International & G. N. R. R. Co., 100 Texas,
532; Fahey v. State, 27 Texas Crim. Rep., 146; Railway Co. v. Potts,
7 Ind., 634; Rader v. Township of Union, 39 N. J. L., 515; Lewis
v. Dunne, 134 Cal., 291; In re Snyder, 108 Mich., 48; Henderson v.
Insurance Co., 20 L. R. A., 827; McNealy v. Oil Co., 52 W. Va.,
641; Clark v. Commissioners of Waller County, 54 Kans., 639;
Hingle v. State, 24 Ind., 28; Board v. Fowler, 24 So., 809; People
v. Lawrence, 36 Barb., 192; State v. Ferguson, 28 So., 918;
Harlan v. Territory, 13 Pac., 458; State v. Tibbetts, 66 Am. St.
Rep., 492; State v. Superior Court, 92 Am. St. Rep., 831; State
v. Halbert, 44 Pac., 538; 26 Am. & Engl. Encyc. of Law (new edi-
tion), 581, 582; Cooley, Const. Law (7th ed.), 202-217.

*Robert V. Davidson,* Attorney-General, *Claude Pollard,* Assistant,
*John W. Brady,* County Attorney, *William D. Williams* and *F. M.
Spann,* for respondent.—The title of the Act under consideration
is not meaningless, but expresses a matter which was capable of
being made and was declared by the Legislature to be a subject
of legislation, and the Act itself clearly deals with a portion of that
subject and is not rendered unconstitutional by reason of the fact
that a trained imagination may be able to conceive of many phases
of that particular subject which were not dealt with or disposed
of by the body of the Act.    Legislation is not unconstitutional for
the sole reason that it fails to touch upon and dispose of every part
of every subject upon which it undertakes any action.    Section 35,
article 3, Constitution of Texas; Stone v. Brown, 54 Texas, 341;
Breen v. Railroad, 44 Texas, 307-308; Nichols v. State, 32 Texas
Crim. Rep., 391; Cooley Const. Lim. (6th ed.), 172; Sutherland
Stat. Con., 96; Dillon Mun. Cor. (4th ed.), sec. 51; 26 Am. & Eng.
Enc. of Law (2d ed.), 581-582; Bowman v. Cockrill, 6 Kan., 333-335;
State v. Yardley, 34 L. R. A., 667-669; State v. Bailey, 59 L. R. A.,
435; Bright v. McCullough, 27 Ind., 223; Julian v. Model, 61 L. R.
A., 671, 672; State v. Board, 85 Minn., 165; In re Burris, 66 Mo.,
446; Luther v. Saylor, 8 Mo. App., 424; McEldowney v. Wyatt (W.
Va.), 45 L. R. A., 615; Duval v. Jacksonville, 29 L. R. A., 421;
Robinson v. Miner, 68 Mich., 549.

The provision for penalties contained in the "full crew" Act is
incidental to the main subject and reasonably calculated to carry

into effect the declared object of the said Act, and is not obnoxious to the provisions of section 35, article 3, of the Constitution, but is, on the contrary, constitutional and valid.    Doeppenschmidt v. Railroad, 100, Texas, 532; Johnson v. Martin, 75 Texas, 33; Missouri, K. & T. Ry. Co. v. State, 97 S. W., 720; Albrecht v. State, 8 Texas Crim. App., 216; Iron Co. v. State, 62 L. R. A., 141; Rosenbloom v. State, 57 L. R. A., 924; Plumb v. Christie, 42 L. R. A., 188; Burrows v. Delta, 29 L. R. A., 474, 475; Singer v. Fleming, 23 L. R. A., 212; Cohn v. People, 23 L. R. A., 823; Snyder v. Compton, 87 Texas, 374; Gulf, W. T. & P. Ry. Co. v. Tromme, 98 Texas, 459; Austin v. Railroad, 45 Texas, 267; Peavy v. Goss, 90 Texas, 89; Howth v. Greer, 40 Texas Civ. App., 552; Taggart v. Hillman, 42 Texas Civ. App., 71; Borden v. Trespalacios, 98 Texas, 494; Smith v. Grayson, 18 Texas Civ. App., 153.

It has been the universal rule of the courts to give a liberal construction to constitutional provisions respecting the titles of Acts of Legislatures, and the generality of such a title is held to be no objection to it, so long as it is not made to cover legislation incongruous in itself and which by no fair intendment can be considered as having a necessary or proper connection with the declared subject.    Stone v. Brown, 54 Texas, 341; Cooley's Const. Lim., 172; Albrecht v. State, 8 Texas Crim. App., 216.

The title to the "full crew" Act, while general and unnecessarily comprehensive, is not misleading or deceptive and fairly directs the mind to the subject dealt with, and such title is valid and sufficient.    26 Am. & Eng. Enc. of Law (2d ed.), 581, 582; Bowman v. Cockrell, 6 Kan., 311.

The degree of particularity with which the title of an Act is to express its subject is not defined in the Constitution and rests in the discretion of the Legislature.    Stone v. Brown, 54 Texas, 330; 26 Am. & Eng. Enc. of Law (2d ed.), 579, and cases cited in notes 6 and 7; Nichols v. State, 32 Texas Crim. Rep., 404.

Mr. Justice Williams delivered the opinion of the court.

The State brought this action and recovered the judgment under review for penalties under an Act of the Legislature approved March 25, 1907.    (Laws 30th Leg., 92-3.)

The defense involved the contention that the Act is invalid for the reason that the subject of which it treats is not expressed in its title as required by Article III, section 35, of the Constitution, which provides: "No bill  .  .  .  shall contain more than one subject which shall be expressed in its title."    The title of the Act is: "An Act to protect the lives and property of the traveling public and the employes of the railroads in the State of Texas." The first, second and third sections of the Act make it unlawful for railroad companies to run any passenger train, freight train or light engine, outside of yard limits with less than full crews of the number of men specified for each.

What is the subject expressed in the body of the Act?    It is the prescribing of the crews to be employed upon trains and engines, or it might be said to be the regulation of the running of the

trains and engines by prescribing the crews thereof. Is that subject expressed in the title? We think it clear that it is not. The title no more expresses and directs attention to that subject than it would to any other legislation which might have been written under it, the tendency of which might have been to protect the lives and property of the traveling public and of railroad employes, such as laws directed against robbers, the obstruction of or injury to tracks, interference with cars and engines, or regulating the conduct of persons at crossings, or the giving of signals, and numerous others that might be instanced. A title so general as that of this Act gives no intimation of the particular subject to which the body of the Act is confined. That which is expressed in the title is not the subject of the Act, but the general end or purpose to be subserved. In the case of Clark v. Commissioners, 54 Kan., 634, the court had before it a statute, the title of which was "An Act to protect fruit trees, hedge plants and fences," and the body of which authorized "the County Commissioners of any county of this State to pay a premium for gopher scalps taken in their county." Of this the court said:

"There is nothing in the body of the Act referring to fruit trees, hedge plants, or fences. In support of the Act, it may be urged that the killing or extermination of gophers may tend to protect fruit trees, hedge plants, and fences, but we do not think the subject of the Act is clearly expressed in its title, as required by section 16, article 2, of the Constitution. The title does not suggest gophers, or bounties for their scalps, or the levying of taxes to pay the same. The title is too general. It no more suggests gophers than it does prairie fires, or malicious trespassing; not, in fact, so much. If the title of the Act referred to bounties for scalps of animals or rodents, although gophers were not named therein, a different question would be presented."

These remarks apply in their full force to the statute now under consideration. In the application of the provision of the Constitution above quoted to particular cases the courts have often used very broad language as to the discretion of the Legislature in constructing titles to statutes, and undoubtedly that discretion is very broad. Some times it is said that the Constitution does not undertake to prescribe the degree of particularity with which the subject of the bill is to be expressed in its title, but leaves that to the Legislature, and this is largely true. A title is not bad merely because of comprehensiveness, but it is bad if it is so indefinite as to express no subject, or if it does not express the particular subject of the Act. The title must not only express a subject, but must express that which is dealt with in the body of the Act. No authority but the plain language of the Constitution is needed for that proposition. But the authorities recognize, as they must, that a title may be so indefinite as not to express any subject of legislation sufficiently or that if may fail to express the subject of the body of the Act. (Sutherland on Stat. Cons., sec. 90, and cases cited.) The expressions in the books which are relied on to sustain this Act were generally used in considering whether or not the titles of Acts

which sufficiently expressed a subject were comprehensive enough to embrace details in the body of the Act as incidental or subsidiary to the subject expressed, and it was for the purpose of pointing out that the comprehensive way in which the subject was stated in the title was no objection. The principle applied was that, under a general statement of the subject of the Act, all provisions germane to that subject may be introduced. Nearly all of the cases relied on are of this class and the general language used was with reference to titles such as were under consideration. Other cases deal with statutes treating in a comprehensive way of subjects which are themselves comprehensive and which require titles equally broad. For instance the title, "An Act to Adopt the Common Law of England," is regarded as sufficient for a statute, the body of which corresponds with it. Other instances might be given. The reason is that the titles truly and adequately express the subjects of the Acts, that which they purport to do. We should have a different question if under the title just stated, an Act were passed merely to adopt the rule in Shelley's Case. The question then would be whether or not the title expressed the subject of the Act. While it is true that the Constitution does not define the degree of particularity with which the title of an Act shall express the subject, it is equally true that it does require the subject of the Act to be expressed in the title. In this the statute under consideration so clearly fails to comply with the requirement that we must hold it to be invalid. It follows that the judgment should be reversed and that the cause should be dismissed.

*Reversed and dismissed.*