**GARVEY, County Auditor, et al. v. WOOD, Constable.**

**No. 9911.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 20, 1937.

John R. Shook and W. C. Linden, Sr., both of San Antonio, for appellants.

Leonard Brown, Maxwell Burket, and Archie S. Brown, Jr., all of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Will W. Wood, constable of precinct No. 1, of Bexar county, against E. G. Garvey, county auditor, and the county judge and county commissioners of said county, for a writ of mandamus to require said county officials to approve and pay Wood's claims for fees alleged to have been earned by him in certain criminal cases in the justice of the peace courts in said precinct, in which the defendants were convicted and served out their terms in jail without paying the costs. Wood alleged that said fees were payable to him by the county by virtue of S.B. 524, passed by the 44th Legislature. Article 3936a, Vernon's Ann. Civ.St. (Acts 1935, 44 Leg. p. 421, ch. 170, § 1).

In a nonjury trial, the writ of mandamus was granted requiring the impleaded county officials to approve and pay Wood's claims as prayed for. There is no statement of facts in the record, but the trial judge filed his written findings of fact and conclusions of law. The county officials have appealed.

The statute upon which appellee recovered, including the caption, is as follows:

"Fees of Constables in Certain Precincts.

"S.B. No. 524. Chapter 170.

"An Act to provide for fees for Constables whose precincts lie in counties having a population of more than 200,000 and less than 300,000 by the last preceding Federal Census, and whose precincts lie in whole or in part in an incorporated city or town having a population of more than 10,000 by the last preceding Federal Census, such fees to be the same as those now allowed to sheriffs and like fees allowed such officers in all cases where the defendant is convicted or pleads guilty, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Constables whose precincts lie in counties having a population of more than 200,000 and less than 300,000 by the last preceding Federal Census, and whose precincts lie in whole or in part in an incorporated city or town having a population of more than 10,000 by the last preceding Federal Census, who execute process and perform services in civil and criminal actions shall receive the same fees allowed to Sheriffs for the same services, and provided further that like fees shall be paid by the county in all criminal cases where the defendant is convicted or pleads guilty; and such Constable shall present to the Commissioners' Court of his county a written account specifying each criminal action in which he claims such fee, certified to by the Justice of the Peace to be correct and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they may find to be correct and order a draft to be issued upon the County Treasurer in favor of such Constable for the amount so approved.

"Sec. 2. The fact that at the present time Constables are not receiving any compensation for serving process and performing services in numerous misdemeanor cases, although they are put to great expense in serving process, creates an emergency, and an imperative public necessity exists, that the Constitutional Rule requiring bills to be read on three several days shall be suspended, and said Rule is hereby suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted."

The act became effective on May 16, 1935. The fees recovered by appellee

were incurred between May 13th and May 27th in the same year. The trial judge's findings and conclusions were as follows:

"Findings of Fact.

"I. I find that Will W. Wood is the duly elected and qualified constable of Precinct Number One, Bexar County, Texas: that E. G. Garvey is the duly appointed County Auditor of Bexar County, Texas: that Robert F. Uhr, Thomas H. Abbott, Jr., J: W. Donnell, and F. H. Mullinax are the duly elected and qualified County Commissioners of Bexar County, Texas: and that Frost Woodhull is the duly elected and qualified County Judge of Bexar County, Texas; and that all parties reside in Bexar County, Texas.

"2. I further find that Senate Bill 524, passed by the Legislature of the State of Texas, on the 10th day of May A. D. 1935, and duly approved by the Governor, went into effect on the 10th day of May, A. D. 1935, and that in compliance with said Act, the Relator, Will W. Wood, the duly elected and qualified Constable of Precinct Number One, Bexar County, Texas, on the 28th day of June, A. D. 1935, prepared and presented to the County Auditor of Bexar County, Texas, and also to the Commissioners Court of Bexar County, Texas, a statement of causes pending in the Justice Court Precinct Number One, Bexar County, Texas, John F. Onion, Justice of the Peace, wherein the relator had served warrants of arrest and performed the usual and necessary services in said causes, the numbers of said causes, and the style of same, the date when disposed of and the amount of fees earned by the Relator being as follows, to-wit:

| Date | No. | State of Texas vs. | Fees | How Disposed Of |
|------|-----|--------------------|------|-----------------|
| 5/13/35 | 46154 | Joseph Garcia | $6.00 | Served time in jail. |

(this item is followed by numerous other like items incurred in the two justice of the peace courts in said precinct, aggregating $143.00). * * *

"4. I further find that such statements and accounts were certified to by the said Relator as true and correct and that no part of the same have been paid, and were sworn to and subscribed by Relator before C. A. Goforth, a Notary Public in and for Bexar County, Texas, and that each of said statements and accounts were certified to by John F. Onion, Justice of the Peace, Precinct Number One, Bexar County, Texas, and Bat Corrigan, Justice of the Peace, Precinct Number One, Bexar County, Texas, respectively, certifying that the accounts were correct and that no part of same have been paid. I further find that each of said statements and accounts bears the certificate of John R. Shook, Criminal District Attorney, of Bexar County, Texas, certifying that he or his assistant was present and represented the State of Texas, in the within numbered cause that resulted in acquittals and that in his judgment there was sufficient evidence in each of said causes resulting in acquittals to demand a trial thereof. I further find that the statements and accounts were duly filed with the County Clerk, as required by said Senate Bill 524.

"5. I further find that when said statements and accounts were presented to the Commissioners Court of Bexar County, Texas, for approval, that the Commissioners Court refused to approve the same, and refused to order a draft to be issued upon the County treasurer in favor of the Relator for the amount of said accounts or any part thereof. I further find that said statements and accounts were presented to E. G. Garvey, County Auditor, of Bexar County, Texas, and that said County Auditor endorsed on each of said accounts his refusal to approve the claim, said refusal being dated the 28th day of June, A. D. 1935, and having a provision on the same: 'Not authorized by the statutes.'

"6. I further find that Senate Bill 524 was in all things complied within the preparation and presentation of said statements and accounts and that payment of same has been refused.

"Conclusions of Law

"7. I conclude that Senate Bill 524 is constitutional and that under the terms of said act Relator is entitled to be paid by Bexar County, for fees earned by him in the criminal cases in the Justice Courts of Bexar County, Texas, wherein the defendant is convicted or pleads guilty and serves the time in jail, and that the Writ of Mandamus should be issued commanding the Commissioners Court of Bexar County, Texas, and the County Auditor of Bexar County, Texas, to approve and order said claim paid."

■ In their first proposition appellants contend that the act is unconstitutional in that "the caption does not contain a requirement that the county shall pay the fees provided for in the body of the bill," as required in article 3, § 35, of the Constitution. We overrule this proposition. The general purpose of the act was to provide for fees for constables in justice precincts in certain counties described in both the caption and body of the enactment, "in all cases where the defendant is convicted or pleads guilty." The provision that those fees shall be paid by the county is only incidental to the general purpose of the act; it is but a minor detail in the accomplishment of that general purpose, and its specification in the caption of the act was not essential to its validity. Lowe v. Commissioners' Court (Tex.Civ.App.) 69 S.W.(2d) 153, and authorities cited.

■ Appellants contend in their second proposition that the act is invalid because of uncertainty in its terms and meaning; that, "as written, it would entitle the Constable to fees in all cases, whether the defendant does or does not pay the fine and costs, or goes to jail to serve same out there, and it is therefore so vague, indefinite and uncertain as to render it inoperative. It has here been given the interpretation that it means, cases in which the fine and costs are paid by serving time in jail, but this interpretation is engrafted upon it because the bill does not so recite." We overrule the proposition. Whatever else may be said of the act, it does provide, in specific terms, that constables, in precincts therein defined, "who execute process and perform services in civil and criminal actions shall receive the same fees allowed to Sheriffs for the same services, and provided further that like fees shall be paid by the county in all criminal cases where the defendant is convicted or pleads guilty." Section 1 (Vernon's Ann.Civ.St. art. 3936a). The provision does not appear to be so vague or uncertain as to destroy its validity upon that ground.

■ It is next contended by appellants, in their third proposition, that the act is invalid because in conflict with article 1055, Code of Criminal Procedure, which provides that upon pleas of guilty or conviction in misdemeanor cases, where fines and costs are worked out by the defendant, the county shall pay one-half of the costs, exclusive of commissions. The act here attacked contains no repealing clause, and in such case its provisions should be held to be cumulative of those provisions of article 1055, in so far as they are not in irreconcilable conflict. To the extent that their provisions are not in irreconcilable conflict, both acts should be given effect. Article 1055 is a general act, applicable only to counties where fines and costs are worked out by defendants. Bexar county is not shown to be within that class, upon which that act operates. The act here questioned, being a special act applicable only to a particular class of counties including Bexar county, and not applicable in its practical operation to the class upon which article 1055 operates, is not to be deemed in such conflict with the latter act as to render it invalid.

■ It is obvious that the act involved is not void, as contended by appellants in their fifth proposition, as being in conflict with article 16, § 3, of the Constitution, which provides that, "The Legislature shall make provision whereby persons convicted of misdemeanors and committed to the county jails in default of payment of fines and costs, shall be required to discharge such fines and costs by manual labor, under such regulations as may be prescribed by law."

■ Nor is the act void because "it fails to direct as to what particular classified fund the claim shall be paid out of," as contended in appellants' sixth proposition. We conclude that the omission complained of has the simple and only effect of relegating claimants under the terms of the act to the general fund of the county. We overrule appellants' sixth proposition.

■ In their fourth proposition appellants contend that the act is invalid because in conflict with the provision of article 783, Code of Criminal Procedure, that costs in misdemeanor cases shall be taxed against the defendant, as a part of the penalty. We overrule this proposition. The provision in the questioned act, that the constable's fee shall be paid by the county, is not deemed to be in conflict with the provision in article 783, that the costs shall be taxed against the defendant. The practical effect of the two acts, considered together, is that if the constable's costs, primarily taxed against the defendant, as required in article 783, cannot be collected from him under the processes of the law, they shall be paid by the county, as provided in the more recent act.

Appellants contend that it was their duty to reject appellee's claim for fees, as they did, because those claims did not specify, in detail, the particular items going to make up the charges. We conclude that in the absence of defensive pleadings, and findings thereon, it will be presumed that the justices of the peace made inquiry and satisfied themselves as to the correctness of those items before they approved and certified the claims for payment. It will be presumed that those officials, charged by law with that duty and authority, properly performed that duty, under that authority, and the burden rested upon appellants to show by evidence and findings that the claims were not justified by the true facts. We overrule appellants' seventh proposition.

Appellants' eighth proposition is based upon matters not apparent of record, and will be overruled, as will their ninth and last proposition, for reasons already given.

The judgment is affirmed.