## MALLARD v. TEXAS STATE BOARD OF EXAMINERS IN OPTOMETRY.

### No. 4463.

Court of Civil Appeals of Texas. Beaumont.

June 19, 1947.

Foreman, Ballard & Eddy, of Houston, for appellant.

James W. Townsend, of Austin, Price Daniel, Atty. Gen., and J. A. Amis, Jr., Asst. Atty. Gen., for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Liberty county, enjoining J. T. Mallard, appellant, from practicing optometry and in offering and holding himself out as being authorized by law to practice optometry, without being authorized and licensed to practice optometry in Texas and without having filed a license for such practice in the office of the county clerk of Liberty county.

The only point before us on this appeal for determination is whether a certain portion of a legislative enactment is void, as contravening Article 3 of Section 35 of the Constitution of the State of Texas, Vernon's Ann.St.

The appellant contends that the appellee, Texas State Board of Examiners in Optometry, was without authority to institute an action in its own name to enjoin the violation of any of the provisions of the legislative enactment which created the

State Board of Examiners in Optometry, for the reason that the caption of the amendatory act contained no mention of such power, which is contained in the body of the act; that the trial court was without jurisdiction to entertain the appellee's suit for injunction.

The Act of the First Called Session of the Legislature of 1921, Chapter 51, page 159, Vernon's Ann.Civ.St. art. 4552 et seq., which defined and regulated the practice of optometry and created a Board of Examiners contained no provision by which said board was given the right to institute an action in its own name to enjoin the violation of any of the provisions of the act. By an amendment to the act of 1921 the Legislature in 1939, Chapter 4, page 360, Acts of 1939, did provide that the Board of Examiners in optometry was authorized and empowered to institute actions in its own name to enjoin any violation of any provisions of the act. The caption to such amendatory act reads as follows:

"An Act to amend Article 4553, Chapter 10, Title 71 of the Revised Civil Statutes of Texas, 1925, as amended by Section 1 of Chapter 7, Acts of First Called Session, Forty-second Legislature, and Articles 4555, 4556, 4557, 4558, 4559, 4563, 4565, 4565a, of Chapter 10, Title 71 of the Revised Civil Statutes of Texas, 1925, and Chapter 5, Title 12 of the Penal Code of Texas, 1925; * * * so as to provide for a State Board of Examiners in Optometry; qualifications for and method of filling vacancies on said Board; providing for election of officers and meeting of the Board; *prescribing powers and duties of the Board;* requiring all persons desiring to practice optometry in Texas to pass examination; providing subjects for and method of giving examinations; providing grounds for refusal of and cancellation or suspension of any license; making certain exceptions; prescribing examination fee; prescribing renewal license fee and method of obtaining duplicate licenses; defining terms; specifying acts constituting penal offenses and providing a penalty; repealing Articles 4560 and 4565b, Chapter 10, Title 71 of the Revised Civil Statutes of Texas, 1925, and all laws or parts of laws in conflict

with the provisions of this Act; declaring the rule that the remainder of the Act shall not be affected by the unconstitutionalty or invalidity of any part thereof; and declaring an emergency."

Appellant says that the above caption to the amendatory Act of 1939 does not indicate that the Board was given the right to institute an action in its own name to enjoin a violation of the provisions of the Act. He points out that such provision in the caption was substantially identical with the provision in the caption of the original Act of 1921.

We do not believe that the caption of the amendatory Act is subject to the criticism leveled upon it by the appellant. We believe that the phrase (italicized in the caption as above set out), "prescribing powers and duties of the Board," sufficiently expresses one of the subjects of the amendatory act and gave fair warning to any person reading such caption that the body of the act contained a grant of powers to the board. Thus being warned, an interested person so reading the caption would be required to read in the body of the act to learn the extent of the powers thereby conferred upon the board and would discover that the power to bring suits for injunction for violation of the Act was granted. See Texas Liquor Control Board v. Warfield, Tex.Civ.App., 111 S.W.2d 862, and cases therein cited; Board of Insurance Commissioners v. Sproles Motor Freight Lines, Tex.Civ. App., 94 S.W.2d 769; Consolidated Underwriters v. Kirby Lumber Co., Tex.Com. App., 267 S.W. 703; Stone v. Brown et al., 54 Tex. 330. In the case of Stone v. Brown et al., supra, the following language was used: "It should be borne in mind that the leading clause in the title to the original act was 'to create a commission of arbitration and award and to define the powers and duties thereof' and that the amendment under consideration merely added another duty to that originally imposed upon the commission, and which duty was not inconsistent with the object sought to be accomplished by the original act."

We believe that the grant of the additional power to the State Board of Examiners in Optometry by the amendment of 1939 is not void for the reasons argued by the appellant and the judgment of the district court is affirmed.