Edwin K. ATWOOD, Appellant,

v.

WILLACY COUNTY NAVIGATION DISTRICT et al., Appellees.

No. 12928.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 5, 1955.

Rehearing Denied Nov. 30, 1955.

Carter, Stiernberg & Skaggs, Harlingen, S. L. Gill, Nielsen & McCormick, Raymondville, for appellant.

Robinson, Strawn & Robinson, Raymondville, Bowie & Scanlon, San Benito, John Ben Shepperd, Atty. Gen., Elbert M. Morrow, Frank Pinedo, Asst. Attys. Gen., Vinson, Elkins, Weems & Searls, Victor W. Bouldin, Houston, for appellees.

POPE, Justice.

Appellant, Edwin K. Atwood, challenges the constitutionality of Chapter 404, Acts 53rd Legislature, on the grounds that the caption of the Act violates Sections 35 and 56 of Article III, Texas Constitution, Vernon's Ann.St. He appeals from a judgment which denied him an injunction to enjoin the sale of certain unissued bonds by the Willacy County Navigation District under the authority of the law under attack. He owns land within the District. The title to the act in question states:

"An Act granting to Willacy County Navigation District certain additional powers and authority; validating said District and bonds heretofore issued by it, except under certain conditions; containing a saving clause; and declaring an emergency."

Appellant argues that the title did not give fair notice of its contents, that being the oft-repeated purpose of Section 35, Art. III, Texas Constitution. The act in question, under the foregoing caption, undertook to make certain changes to Article 8263h, Vernon's Ann.Civ.St., which was first enacted in 1925, Acts 1925, 39th Legislature, Chapter 5; amended in 1945, Acts 49th Legislature, Chapter 139; and still later amended in 1947, Acts 50th Legislature, Chapter 125. The act here involved granted additional powers to Willacy County Navigation District. Those additional powers were (1) to authorize the issuance of bonds secured not only by revenues, as formerly permitted, but also by a levy of ad valorem taxes; (2) to levy a tax not exceeding twenty cents on each $100 instead of only ten cents; (3) to authorize

the district to own lands adjacent or accessible to navigable waters within the district; (4) to grant the district the power to lease its lands to municipal bodies, public or private, to any government or governmental agency, the State of Texas or the United States, instead of to individuals or corporations as formerly permitted; (5) to make such leases for periods not to exceed thirty years instead of an unstated period as formerly permitted; (6) to acquire lands, which clause is broader than the former act which limited the acquisition of lands "for all necessary improvements"; (7) to permit canal commissioners, engineers and employees of the district to go upon lands to make plans, surveys, maps and profiles instead of limiting that power to engineers only; (8) to permit those persons "to attend to any business of the District"; (9) to convey property to the United States; (10) to authorize the calling of bond elections; and (11) to provide for publishing instead of posting election notices. The act also provided that the bonds are incontestable, except in certain stated instances, when they were approved by the Attorney General, registered by the Comptroller and sold.

■ The liberality with which the rules about titles should be applied has often been stated. Central Education Agency v. Independent School Dist. of City of El Paso, 152 Tex. 56, 254 S.W.2d 357; Stone v. Brown, 54 Tex. 330, 343; State ex rel. Garza v. Rodriguez, Tex.Civ.App., 213 S.W. 2d 877. A title which is broad is no detriment so long as it gives fair notice of what is contained in the body of the law. The constitutional provision contemplates that a title should be brief, since it declares that it shall contain the subject and then further declares that only one subject shall be stated. Though titles frequently are extensive and include an index, synopsis, or details of a bill, the Constitution does not require the long caption. Terrell v. Alpha Petroleum Co., Tex.Civ.App., 54 S.W.2d 821, 828, affirmed Tex.Com.App., 122 Tex. 257, 59 S.W.2d 364; Tilton v. Dayton Independent School Dist., Tex.Civ.App., 2 S.W.2d 889, 891.

■ A title may be so general, so specific in some limited matters, or inaccurate as to throw one off guard, mislead or serve as a cover for secret legislation. Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966; Gulf Production Co. v. Garrett, Tex.Com. App., 119 Tex. 72, 24 S.W.2d 389; De Silvia v. State, 88 Tex.Cr.R. 634, 229 S.W. 542; Sutherland v. Board of Trustees of Bishop Independent School Dist., Tex.Civ. App., 261 S.W. 489; Missouri, K. & T. R. Co. of Texas v. State, 102 Tex. 153, 113 S.W. 916. Moreover, a caption which details the matters of the bill may be limited to those items which are specified, whereas a general caption may not be so limited. Bitter v. Bexar County, Tex.Com.App., 11 S.W.2d 163. The essence of appellant's argument, applied to the facts of this case, is that a title fails unless it details the body of the bill.

■ Broad subjects in titles have generally been approved. "The title 'An act to adopt the common law of England' is regarded as sufficient for a statute the body of which corresponds with it." Missouri, K. & T. R. Co. of Texas v. State, 102 Tex. 153, 113 S.W. 916, 918. This Court has formerly expressed its views on what is the subject and what amounts to detail in titles. In Lowe v. Commissioners' Court of Val Verde County, Tex.Civ.App., 69 S.W.2d 153, the Court held that the subject of the bill there in question was " ' "the construction and maintenance of a State Highway system under the control of the State Highway Department." ' " Such a title is as broad or broader than the one here in question. The title in the Lowe case included other matters, but the Court looked through the other verbiage to the quoted words, declared that they were a fair statement of the subject, and treated the rest of the title as details which are permissible but not essential. Under that general subject, as is revealed from an examination of Acts of 39th Legislature, Chapter 186, broad powers were granted the State Highway Department. Certain powers were withdrawn from the Commissioners' Court; the power to use Federal aid; the power to make surveys, plans, specifications and estimates;

the power to use certain funds then or thereafter deposited in the State Treasury, and other matters were embraced within the general subject. This Court repeated this distinction between subject and detail in Garvey v. Wood, Tex.Civ.App., 101 S.W. 2d 288. King v. State, 74 Tex.Cr.R. 658, 169 S.W. 675, 677, also looked to a long title, separated the subject from the detail and held that the subject of the statute there questioned was sufficiently, though broadly, stated as " 'An act to provide for a more efficient system of public free schools for the state of Texas' ". Acts 1905, c. 124.

In Johnson v. Martin, 75 Tex. 33, 12 S.W. 321, 323, a caption entitled: " 'An act creating the office of public weigher, and regulating the appointment, and defining the duties and liabilities, thereof' " was sufficient to embrace a section which created a penal offense by persons who violated the law. The Court stated that the section was "necessary to the enforcement of the main object of the law", for otherwise it would be a dead letter. In International & G. N. R. Co. v. Smith County, 54 Tex. 1, the title was: "An act to define the duties, powers, qualifications and liabilities of assessors of taxes, and to regulate their compensation." Gen.Laws 1876, p. 265. The body of the act extensively stated the steps required for rendering property, the form of oath, and provided for proceedings before boards of equalization, as well as other matters. The subject was sufficient. See also Stone v. Brown, 54 Tex. 330, 341.

More recently, Mallard v. Texas State Board of Examiners in Optometry, Tex. Civ.App., 203 S.W.2d 778, 779, passed on the sufficiency of notice contained in the words of a title " 'prescribing powers and duties of the Board' ". Acts 1939, p. 360. The title of the bill contained many other statements, but included within the quoted phrase, and falling under no other statement of the title, were broad powers to make rules and regulations about the practice of optometry and the enforcement of the act, the power to appoint committees pertaining to the enforcement, the power to employ inspectors, stenographers and others, the power to call upon the Attorney

General and County and District Attorneys to enforce the act, the power to issue subpoenas and to take testimony, and the power to try matters before the Board absent the strict rules of procedure and to institute actions. Those broad powers, including the imposition of new duties upon many other public officials, were included within the general words of the caption and "gave fair warning to any person reading such caption that the body of the act contained a grant of powers to the board." The case cites the pertinent precedents. See also, Central Education Agency v. Independent School Dist. of City of El Paso, 152 Tex. 56, 254 S.W.2d 357, 361; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 111 S.W.2d 862; Tilton v. Dayton Independent School Dist., Tex.Civ.App., 2 S.W. 2d 889; Board of Insurance Commissioners v. Sproles Motor Freight Lines, Tex.Civ. App., 94 S.W.2d 769, 772; Stuard v. Thompson, Tex.Civ.App., 251 S.W. 277, 282; Fry v. Jackson, Tex.Civ.App., 264 S.W. 612, 618; Breen v. Texas & P. Ry. Co., 44 Tex. 302.

In this case, as in the Mallard case, a subject which states there will be a grant of additional powers to a named agency, immediately gives rise to the inquiry: What are the additional powers? Upon such notice, the body of the bill may then be examined, which in this case was short.

Appellant by a separate point argues that the Act in question is unconstitutional because it contains more than one subject. He argues that each power granted the Willacy County Navigation District is a separate subject. That argument means that even though the caption had at length included the details in the caption, the bill would fall because it contained more than one subject. If that be true, each power, however necessary to the effective operation of the same Navigation District, would need be stated in a separate bill. Supposedly, the multitude of powers of a municipality or other agency would also need to be stated in separate legislation concerning such agencies. No case has so held. The variety of powers granted by the Legislature and

discussed in the Mallard, Lowe, and International & G. N. R. Co., cases were not treated as separate subjects, but as bearing upon general subjects. Legislation is not so confined that a bill can accomplish only one thing. It may accomplish many things so long as they "relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title." Stone v. Brown, 54 Tex. 330, 343; Central Education Agency v. Independent School Dist. of City of El Paso, 152 Tex. 56, 254 S.W.2d 357. To hold that each power granted a district is a separate subject which must be granted by separate bills, would bring in question the constitutionality of all legislation concerning districts of all kinds. The Act concerns one subject, the grant of additional powers to the Willacy County Navigation District, and the body of the bill is germane to that subject. Missouri, K. & T. R. Co. of Texas v. Rockwall County Levee Imp. Dist. No. 3, 117 Tex. 34, 297 S.W. 206; Texas & P. R. Co. v. Stoker, 102 Tex. 60, 113 S.W. 3; Lower Neches Valley Authority v. Mann, 140 Tex. 294, 167 S.W.2d 1011; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 111 S.W.2d 862.

 Appellant makes a third attack upon the constitutionality of the Act on the grounds that it is a special or local law in violation of Section 56, Article III, of the Texas Constitution. Section 59, Article XVI, of the Constitution authorizes the conservation and development of the State's natural resources, including the navigation of its inland and coastal waters. Whether a law which creates a district under that provision of the Constitution is a local or special law is not an open question. "It is settled that a statute is not local or special, within the meaning of this constitutional provision, even though its enforcement is confined to a restricted area, if persons or things throughout the state are affected thereby, or if it operates upon a subject that the people at large are interested in." Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629, 636; Lower Neches Valley Authority v. Mann, 140

Tex. 294, 167 S.W.2d 1011; Harris County Flood Control Dist. v. Mann, 135 Tex. 239, 140 S.W.2d 1098. See, City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818.

Appellant urges that Section 3 of the Act is unconstitutional as a taking of property without compensation by a grant of power to the District to enter upon any lands within the District "to attend to any business of the District." The context of that section, in our opinion, limits the entry upon such lands to the specific purposes named in the section, those being, to examine the lands, make plans, surveys, maps and profiles for improvements contemplated by the District. The District denounces any other intent in fact, and we think a reasonable construction of the statute is that no right to enter is intended or meant other than for the specific purposes stated.

The judgment is affirmed.