

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 27, 1959

Honorable J. R. Owen
County Attorney
Williamson County
Georgetown, Texas

Opinion No. WW-751

Re: Questions concerning House
Bill 48, Acts 56th Legis-
lature, Second Called Ses-
sion, relating to certain
conditions for the issuance
of marriage licenses by the
county clerk.

Dear Sir:

You have requested an opinion concerning House Bill
48, Acts 56th Legislature, Second Called Session, 1959, Chapter
20, Page 113, on the following two questions:  first, as to
whether certain parts are in violation of Section 35, Article
III of the Constitution of Texas, and secondly, as to whether
the provisions in paragraph (a) of House Bill 48 that the re-
turned marriage license shall be retained by the issuing clerk
is to be construed as mandatory on the clerk.

The relevant Constitutional  provision is as follows:

"Sec. 35.  No bill, (except general appro-
priation bills, which may embrace the various
subjects and accounts, for and on account of
which moneys are appropriated) shall contain
more than one subject, which shall be express-
ed in its title.  But if any subject shall be
embraced in an act, which shall not be ex-
pressed in the title, such act shall be void
only as to so much thereof, as shall not be
so expressed."

The relevant portions of House Bill 48 are as fol-
lows:

"An Act relating to the requirement of con-
sent of  parent or guardian of certain parties
before said parties may marry or a marriage
license be issued to them and relating further
to the issuance of marriage licenses by the
county clerk after a prescribed period of three
(3) days from the date of the filing of the ap-
plication; amending Article 4605, Revised Civil

Statutes of Texas, 1925; providing the county judge may waive certain requirements; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Article 4605 of the Revised Civil Statutes of Texas, 1925, is amended to read as follows:

"' Article 4605. Consent of parent or guardian and issuance of license.

"'(a). Any unmarried male of the age of twenty-one (21) years or upwards, or any unmarried female of the age of eighteen (18) years or upwards and not otherwise disqualified, is capable of contracting and consenting to marriage; but no female under the age of eighteen (18) years and no male under the age of twenty-one (21) years shall enter into the marriage relation, nor shall any license issue therefor, except upon the consent and authority expressly given by the parent or guardian of such underage applicant in the presence of the authority issuing such license; provided further that if the certificate of a duly licensed medical doctor or osteopath acknowledged before an officer authorized by law to take acknowledgments and stating that such parent or guardian is unable by reason of health or incapacity to be present in person, is presented to such licensing authority, the license may issue on the written consent of such parent or guardian, acknowledged in the same manner as the accompanying medical certificate. Any such certificate and written permission shall be retained by the official issuing the marriage license, together with the returned license. . . .

"'(b). The county clerk, upon application in writing signed and sworn to in person before him by both of the parties to be married setting forth their places of residence and setting forth their full names and ages as the same appear upon a certified copy of birth certificate, or upon a current motor vehicle operator's, chauffeur's, or commercial license or upon a current voter's registration certificate, or upon a current passport or visa or upon any other certificate, license or

document issued by or existing pursuant to the
laws of any nation or of any state or other govern-
mental subdivision thereof, when each such document
accepted as proof of identity and age is described
with reasonable particularity in the application
shall also set forth that such persons to be
married are not disqualified or incapable of
entering into the marriage relation, nor of
the relationship prohibited by law, and being
satisfied of the truth and sufficiency of such
application and that there is no legal impedi-
ment to such marriage, and after application for
such marriage license has issued, shall issue
the license authorizing such marriage; provided,
however, that in the event the male party is
under the age of twenty-one (21) years or the
female party is under the age of eighteen (18)
years such application shall have been on file
in the County Clerk's office for a period of
not less than three (3) days.'"

Article 4605, Vernon's Civil Statutes, before amend-
ment by House Bill 48, reads as follows:

"No clerk shall issue a license without the
consent of the parent or guardian of the parties
applying, if there be a guardian. Such consent
may be given in person, or in writing signed and
acknowledged by said parent or guardian before an
officer authorized to take acknowledgments, unless
the parties so applying are, in the case of the male
twenty-one years of age and in the case of the female
eighteen years of age. If there be any doubt in the
mind of the clerk, he shall not issue said license
unless there shall be presented to him a sworn cer-
tificate from the parent or guardian or some person
other than the contracting parties that the contract-
ing parties have attained the ages aforesaid. Noth-
ing herein shall be construed to affect the issuance
of marriage license in seduction prosecution. If
a minor has neither parent nor guardian, then the
clerk shall not issue a license without the consent
of the county judge of the county of the residence
of such minor, such consent to be in writing and
signed and acknowledged by such county judge."

Honorable J. R. Owen, page 4  (WW-751)


As to your first inquiry, we quote from your request as follows:

"Is that portion of H.B. #48 which applies to persons over 18 years of age, if female, and over 21 years of age, if male, valid or is same invalid as being contrary to the provisions of section 35, Article 3 of the Texas Constitution? If said portion of H.B. #48 is invalid, is all of section (b) of H.B. #48 invalid or are the provisions of section (b) of H.B. #48 in so far as applicable to male persons under the age of 21 years and female persons under the age of 18 years?"

The purpose of Section 35, Article III of the Texas Constitution in requiring a caption expressing the subject of the bill is to enable interested persons to be reasonably apprised of the contents of the bill upon a reading merely of the bill's title. Schlichting v. Texas State Board of Medical Examiners, ___ Tex. ___, 310 S.W.2d 557 (1958). This purpose may be accomplished by a caption couched in broad and general terms so long as it remains reasonably informative of what follows in the body of the bill. Atwood v. Willacy County Navigation District, 284 S.W.2d 275 (Civ.App. 1955, error ref. n.r.e.). Where, as in the case of House Bill 48, the bill in question is amendatory of a prior article, the caption will be adequate though merely naming the prior article and stating that the article is amended by the present bill, provided that the provisions of the amendatory bill are germane to the amended article. Schlichting v. Texas State Board of Medical Examiners, supra. See Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955). If the caption of an amendatory bill contains, in addition, explicit reference to certain provisions in the bill, then the caption is adequate as to those provisions without regard to the rule requiring that amendatory provisions be germane to the amended article. Shannon v. Rogers, ___ Tex. ___, 314 S.W.2d 810 (1958).

The purpose of House Bill 48 is to establish certain conditions, among them the requirement of parental consent, which must be met to the satisfaction of the County Clerk before he is authorized to issue a marriage license. Admittedly the requirement of parental consent, set forth in paragraph (a) of House Bill 48, applies only to such underage persons, while the provisions of paragraph (b) of House Bill 48 (except for the proviso appended at the end of paragraph (b)) apply without restriction as to age. These provisions of paragraph (b), except

for the portions dealing with ascertaining the absence of legal disqualification of the parties or prohibition of the marriage, establish a procedure -- namely, the presentation of documents establishing the applicant's age and identity -- by which the clerk is enabled to ascertain whether the requirement of parental consent is applicable.  A similar but less detailed procedure directed toward the same end, likewise applicable without regard to age, is provided for by Article 4605:

> ". . . If there be any doubt in the mind of the clerk, he shall not issue said license unless there shall be presented to him a sworn certificate from the parent or guardian or some person other than the contracting parties that the contracting parties have attained the ages aforesaid. . . ."

In light of the presence in the amended Article of this provision identical in purpose with, and similar in other respects to, the questioned provisions of the amendatory bill, it is our opinion that the latter provisions are germane to the amended article.  Since, further, the caption of House Bill 48 contains a reference to Article 4605, the caption satisfies the requirement of Section 35, Article III of the Constitution as to these provisions of House Bill 48.

Of paragraph (b), this leaves unaccounted-for only the portion dealing with ascertainment of absence of legal disqualification or prohibition as a condition for issuance of a license, viz., "The county clerk . . . shall also set forth that such persons to be married are not disqualified or incapable of entering into the marriage relation, nor of the relationship prohibited by law, and being satisfied . . . that there is no legal impediment to such marriage, . . . shall issue the license authorizing such marriage; . . ."  (No question has been raised as to the construction of the  phrase "nor of the relationship prohibited by law", but although its meaning in this context is not clear, the subject with which this phrase is intended to deal is apparent.)  The purpose and effect of Article 4605 before amendment, like that of House  Bill 48, is to establish certain conditions which must be met and procedures which must be followed before the County Clerk is authorized to issue a marriage license.  Accordingly, it is our opinion that the caption of House Bill 48 in mentioning Article 4605 is sufficient to give fair notice of provisions such as the one just mentioned, since this provision establishes a procedure which the Clerk must follow before issuing a license and is therefore germane to the amended article, notwithstanding that this particular procedure is not among those which the amended article establishes. Schlichting v. Texas State Board of Medical Examiners, supra.

As to your second inquiry, we are of the opinion that House Bill 48, in stating "Any such /physician's/ certificate and written permission shall be retained by the official issuing the marriage license, together with the returned license" (emphasis added), does not direct the Clerk to retain the returned marriage license, but merely evidences a presupposition by the Legislature that the Clerk has heretofore followed a practice of retaining the license. In fact, the Clerk is and has heretofore been under a duty, imposed by Article 6596, Vernon's Civil Statutes, to return the license after its recordation "to the party entitled thereto", which in the case of a marriage license is a party to the marriage which the license authorizes. Attorney General's Opinion O-4624 (1942). Article 6596 is as follows:

> "Every such instrument shall be considered as recorded from the time it was deposited for record; and the clerk shall certify under his hand and seal of office to every such instrument of writing so recorded, the hour, day, month and year when he recorded it, and the book and page or pages in which it is recorded; and when recorded deliver the same to the party entitled thereto."

Recordation of the marriage license is required by Article 4606, Vernon's Civil Statutes:

> "The clerk shall record all licenses so issued by him in a well bound book kept for that purpose. It shall be the duty of the person solemnizing the rites of matrimony to indorse the same on the license and return it to the county clerk within sixty days after the celebration aforesaid such return shall be recorded with the license."

There being no requirement in House Bill 48 that the Clerk retain the license, the question of whether such a requirement is permissive rather than mandatory does not arise.

## SUMMARY

1. Paragraph (b) of House Bill 48, Acts of the 56th Legislature, Second Called Session, 1959, Chapter 20, page 113, is not invalid under the requirement of Section 35, Article III of the Constitution

of Texas that the caption of a bill express the bill's subject.

2.  House Bill 48 does not require that the County Clerk retain the returned marriage license after its recordation by him.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove
Lawrence Hargrove
Assistant

LH:ms:zt

APPROVED:
OPINION COMMITTEE

John Reeves, Chairman

Paul Floyd
J. C. Davis, Jr.
Jot Hodges
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore