

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 25, 1961

Honorable J. W. Buchanan, Chairman
House Conservation and Reclamation Committee
State Capitol Building
Austin, Texas

Opinion No. WW-1069

Re: Certain legal aspects of
House Bill No. 116, now
pending before the 57th
Legislature, Regular Ses-
sion, 1961.

Dear Sir:

You have requested an opinion on House Bill No. 116 now
pending before the 57th Legislature, Regular Session, 1961. That
bill would amend an act that created the North Central Texas Muni-
cipal Water Authority, Chapter 86, Acts of the 55th Legislature,
Regular Session, 1957, compiled as Article 8280-193, V.C.S.

That Authority, as created by the law just mentioned,
originally contained all of the territory then contained within the
corporate limits of the Texas Cities of Seymour, Knox City, Munday,
Goree, Haskell, Rule, and Rochester.

By a prescribed process of local self-determination, the
Cities of Rochester and Knox City voted to withdraw at the confirm-
ation election, and the City of Seymour withdrew upon the first bond
election. So the Authority currently comprises the territory of four
cities--Haskell, Munday, Goree and Rule.

The caption of H.B. 116 provides as follows:

"An Act amending Chapter 86, Acts of the 55th Legislature, Regular Session, 1957, compiled as Article 8280-193 of Vernon's Texas Annotated Civil Statutes; providing the methods and procedures by which any of the present member cities of North Central Texas Municipal Water Authority may be detached therefrom and making permanent the boundaries and areas of the district after the results of the procedures for detachment have been determined; providing methods for the payment of outstanding bonds and indebtedness of the district in the event areas are detached; providing other provisions which are incident and relate to the purposes named; repealing all laws in conflict; providing for severability; and declaring an emergency."

At this point we will examine the caption and see if it meets the requirements of Section 35, Article III of the Texas Constitution.

The purpose of Section 35, Article III in requiring a caption expressing the subject of the bill is to enable interested persons to be reasonably apprised of the contents of the bill upon a reading merely of the bill's title. Schlichting v. Texas State Board of Medical Examiners, ____ Tex. ____, 310 S. W. 2d 557 (1958). This purpose may be accomplished by a caption couched in broad and general terms so long as it remains reasonably informative of what follows in the body of the bill. Atwood v. Willacy County Navigation District, 284 S. W. 2d 275 (Civ. App. 1955, error ref. n. r. e. ). Where, as in the case of House Bill 116, the bill in question is amendatory of a prior article, the caption will be adequate though merely naming the prior article and stating that the article is amended by the present bill, provided that the provisions of the amendatory bill are germane to the amended article. Schlichting v. Texas State Board of Medical Examiners, supra. See Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S. W. 2d 722 (1955). If the caption of an amendatory bill contains, in addition, explicit reference to certain provisions in the bill, then the caption is adequate as to those provisions without regard to the rule requiring that amendatory provisions be germane to the amended article. Shannon v. Rogers, ____ Tex. ____, 314 S. W. 2d 810 (1958).

The caption of the present bill first refers to the amended Article and then mentions in order the various provisions of House Bill 116; it contains no reference to particular provisions of the amended article. On the basis of the rules stated above, we believe that the reference to the amended article is sufficient in this case to meet the requirements of Section 35 of Article III, for the following reasons.

First, the caption does not describe the bill as amending Article 8280-193 by the provisions which are listed in the remainder of the caption; rather, it merely states that the bill amends that article, and then lists what turn out to be, upon inspection of the bill, the amending provisions. Thus the reader is put on notice by the caption that he may expect in House Bill 116 any provision germane to Article 8280-193, since the caption gives him no license to rely on the portions of the caption following the reference to the amended Article as the sole statement of what he may expect in the bill.

The caption is thus good, in our opinion, if the provisions of House Bill 116 are germane to the amended Article. This we believe is clearly the case, since Article 8280-193 creates the North Central Texas Municipal Water Authority and in general defines the powers of the Authority and provides procedures for its operation, while House Bill 116 adds to, changes, or supplements these powers and procedures of the same authority. For example, Article 8280-193 allows the detachment of component cities under stated conditions, but prohibits such detachment

> "after the issuance of bonds which are
> payable from revenues or taxes or both."

House Bill 116 removes this prohibition by providing a detachment procedure which is available, without regard to whether there has been a prior issuance of bonds, to any or all member cities.

It should be noted that, as recognized in House Bill 116, the effect of this last-mentioned provision is to make available a procedure for the abolition of the authority. Such a provision, we believe, is germane to the article creating the authority. But we believe further that

the caption of House Bill 116 is otherwise sufficient to put one on notice that the detachment procedure might result in the detachment of all component cities and the resulting abolition of the authority, since it states that any of the member cities might be detached under the procedure provided. And since it appears from the caption that House Bill 116 does not of itself detach any cities, but merely provides a detachment procedure, it does not seem to us misleading for the caption to state that the bill

> "[makes] permanent the boundaries and areas of
> the district after the results of the procedures for
> detachment have been determined. . .",

for we believe it would be clear to the ordinary reader of the caption that this provision would be applicable only if some component cities remain in the authority.

The file contains a letter from an interested party who suggests that H. B. 116 is unconstitutional on the grounds that it is a special or local law in violation of Section 56, Article III, Texas Constitution, and we assume that our opinion is sought on that point.

In Atwood v. Willacy County Navigation District, supra, the court was considering an attack upon the constitutionality of an act of the Legislature granting certain additional powers to an existing district originally created under Section 59, Article XVI, Texas Constitution.

The Court said:

> "Whether a law which creates a district under that
> provision of the Constitution is a local or special
> law is not an open question. 'It is settled that a
> statute is not local or special, within the meaning
> of this constitutional provision, even though its
> enforcement is confined to a restricted area, if per-
> sons or things throughout the state are affected thereby,
> or if it operates upon a subject that the people at
> large are interested in.' "

The North Central Texas Municipal Water Authority was similarly created and its objective in essence is to supply water to co-operating cities constituting its territory. See Article 8280-193, V.C.S.

The Constitution of Texas declares the conservation and development of the water resources of the State to be "public rights and duties." Section 59, Article XVI.

For these reasons, H.B. 116 is not a local or special law in violation of Section 56, Article III, of the Constitution.

We find no constitutional objection to House Bill 116 on any other ground.

## SUMMARY

House Bill 116 pending before the 57th Legislature Regular Session, 1961, is constitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Lawrence Hargrove
Assistant Attorney General

LH:hmc:lmc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
W. Ray Scruggs
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt