**THE ATTORNEY GENERAL**
**OF TEXAS**
ATTORNEY GENERAL


August 17, 1967

Honorable Charles L. Morris
Executive Director
Veterans Affairs Commission
Austin, Texas

Opinion No. M-128

Re: Constitutionality of
House Bill 80, Acts of
the 60th Legislature,
Regular Session, 1967,
ch. 681, p. 1789, and
related questions.

Dear Mr. Morris:

By recent letter you have requested an opinion on the above stated matter. We quote from your letter as follows:

"1. I would like to resubmit my original request of June 29, 1967, concerning the above captioned matter in its entirety.

"Question Number 1. We are desirous of knowing whether House Bill 80 is constitutional. We have observed from reading the caption of the Act that a portion thereof provides that:

"'. . . .containing a repealing clause repealing all laws and parts of laws in conflict, to the extent of the conflict only, with the provisions of this Act. . . .'

"In Section 2 of House Bill 80 is found the following language:

"'Article 3930a, Revised Civil Statutes of Texas, 1925, as added by Section 1, chapter 495, Acts of the 57th Legislature, Regular Session, 1961, is repealed.'

"In addition there are certain other provisions in the body of the bill which seem to be in direct conflict with the caption of House Bill 80. Stated another way, the caption of

-590-

House Bill 80 provides that the repealing clause
shall repeal only those laws or parts of law
which are in conflict with House Bill 80 and
then only to the extent of such conflict. It
would appear that possibly some of the pro-
visions contained in the body of House Bill 80
have exceeded the scope of the caption of House
Bill 80.

"Question Number 2. If certain portions
of this Act are unconstitutional because of a
restrictive or defective caption, then I am
desirous of knowing whether the remaining por-
tions thereof are valid.

"Question Number 3. If the entire Act is
not unconstitutional, then on its effective date,
August 28, 1967, I am desirous of knowing whether
the county clerks in the 254 counties of this
State are authorized to charge for filing docu-
ments used in connection with veteran's claims.
It is my personal opinion that House Bill 80
does not affect in any way whatsoever the pro-
visions of Article 1939a, Vernon's Civil Statutes,
since 1939a specifically concerns veterans and
was passed to assist Texas veterans in obtaining
benefits to which they may be entitled and it is
also noted that House Bill 80 does not refer to
or repeal or express repeal of Article 1939a in
any manner whatsoever."

Your first question concerns the sufficiency of the
caption to House Bill 80, Acts of the 60th Legislature, Regular
Session, 1967, Chapter 681, page 1789, especially when considered
in light of Section 2 of House Bill 80.

Section 2 of House Bill 80 expressly purports to repeal
in whole or in part some twenty statutes and all other statutes
in conflict with the provisions of House Bill 80, but as to county
clerks only. The caption of House Bill 80 reads as follows:

"AN ACT

"to amend Article 3930, Revised Civil Statutes
of Texas, 1925, as amended relating to fees
which county clerks and county recorders shall
receive for their services; containing a repeal-
ing clause repealing all laws and parts of laws

in conflict, to the extent of conflict only,
with the provisions of this Act; containing a
severability clause; and declaring an emergency."

The laws expressly referred to in Section 2 of House
Bill 80 are repealed only to the extent of any conflicts relating
to the fees collected by county clerks and county recorders.

It is our opinion that this caption is sufficient and
does not contravene the provisions of Section 35 of Article III
of the Texas Constitution. This provision of the Constitution has
been consistently construed to require that the caption to a bill
state only the general or ultimate object of the bill and not the
details by which the object is to be accomplished; consequently,
any provision which will effectuate the declared object is valid,
even though it is not specifically indicated in the caption.
Johnson v. Martin, 75 Tex. 33, 12 S.W. 321 (1889); Giddings v.
San Antonio, 47 Tex. 548 (1877); Doeppenschmidt v. International
and G. N. Ry. Co., 100 Tex. 532, 101 S.W. 1080 (1907); Central
Education Agency v. Independent School District, 152 Tex. 56, 254
S.W.2d 357 (1953); and Atwood v. Willacy County Navigation District,
284 S.W.2d 275 (Tex.Civ.App. 1955, error ref. n.r.e.). It is our
opinion that all provisions of this bill are related to and designed
to effectuate the ultimate objective of this bill as stated in the
caption.

In light of the above discussion concerning question
number 1, question number 2 is moot.

Your third question asks whether House Bill 80 au-
thorizes the county clerks to charge for filing of documents
relating to veterans of the armed services who are now exempt
under Article 1939a, Vernon's Civil Statutes, from paying a fee.
Since Article 1939a refers only to an exemption of fee payments
for certified copies of documents, we assume you meant to ask
whether the veterans would now have to pay for certified copies
of such instruments. It is our opinion that they do not.

House Bill 80 is a general act covering all fees to be
charged by the various county clerks for performing the services
spelled out in the act.

Article 1939a is a special act covering only designated
individuals and its effect is to exempt those designated individuals
from paying a fee for certified copies of any public record necessary
to establish a claim against the United States Government arising

from service in the armed forces or an auxiliary thereto. This act applies not only to county clerks, but to district clerks, and other public officials of this state.

Considering the two acts together, it is our opinion that it was not the intention of the Legislature to repeal or amend Article 1939a with House Bill 80, as far as county clerks are concerned.

Section 2 of House Bill 80 expressly repeals some twenty other statutes and rules without expressly repealing Article 1939a.

House Bill 80 is a general act and Article 1939a is a special act, and the general rule of construction is to the effect that general acts do not repeal specific acts by implication unless such a construction is necessary to give meaning to the general act. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); State v. Humble Oil & Refining Co., 187 S.W.2d 93 (Tex.Civ.App. 1945, writ ref. w.o.m.); American Canal Co. v. Dow Chemical Co., 380 S.W.2d 662 (Tex.Civ.App. 1964, writ dismissed).

## S U M M A R Y

The provisions of House Bill 80, Acts of the 60th Legislature, Regular Session, 1967, do not violate the provisions of Section 35 of Article III of the Texas Constitution.

Article 1939a, Vernon's Civil Statutes, was not amended or repealed by House Bill 80, Acts of the 60th Legislature, Regular Session, 1967.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hon. Charles L. Morris, page 5 (M-128)


Kerns B. Taylor, Chairman
W. O. Shultz, Co-Chairman
Larry Craddock
Roger Tyler
Neil Williams
John Banks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.